Merrimack, }
Feb. 6, 1912. }

## STATE *v.* SILVERMAN.

## SAME *v.* SAME.

An indictment which sets out the subject-matter of an embezzlement as "property" of a certain value, or as "furs of various kinds," is defective, in that the offence is not described fully and plainly, substantially and formally, as required by article 15 of the bill of rights.

INDICTMENTS, for embezzlement. In the first case the subject-matter of the embezzlement is described as "property of said N. Rosenthal & Son, to the amount of six hundred ninety-five dollars," and in the second indictment as "a large amount of property of said N. Rosenthal & Son, his master, to wit, furs of various kinds, of the value of six hundred ninety-five dollars." In each case the respondent moved that the indictment be quashed because the offence was not fully and plainly, substantially and formally, described to him. Subject to exception, the motions were denied by *Wallace,* C. J., who transferred the cases from the April term, 1911, of the superior court.

*Thomas F. Clifford,* solicitor, for the state.

*Dudley & Lowe* (*Mr. Dudley* orally), for the defendant.

PEASLEE, J. The state relies upon the statute to justify the form of presentment in the first indictment. "In an indictment for an offence mentioned in the two preceding sections, it shall be sufficient to allege that the offender embezzled or converted to his own use property to a certain amount, without specifying any particulars of the embezzlement, and, on the trial, evidence that any property described in the preceding sections, to any amount, has been embezzled . . . shall be sufficient to support the indictment." P. S., c. 273, s. 18. The preceding sections referred to relate to embezzlement of certain specified things and "any . . . other effects or property whatever" of the principal. *Ib.,* ss. 16, 17. The indictment is not more general than the statute; and the question presented is whether the statute violates the provision in the bill of rights that "no subject shall be held to answer for any crime or offence until the same is fully and plainly, substantially and formally, described to him." Bill of Rights, *art.* 15.

The statute was introduced into the legislature as a part of the commissioners' report in 1867. Comm'rs' Rep. G. S., *c.* 258, *s.* 9. The suggestion for it was found in the Massachusetts act of 1834; but that act only provided that bank notes and securities for money (checks, bills of exchange, and the like) might be described in the indictment merely as money. Mass. R. S., *c.* 133, *s.* 10. While the constitutionality of this provision, so far as it relates to things not commonly known as money, has been questioned (*Brown* v. *People,* 29 Mich. 232, 233), yet it has been adopted with some variations in thirty states and in England. In none of these instances save one (R. I. Gen. Laws, *c.* 345, *s.* 18) has there been any attempt to extend its provisions as was done in this state. The unanimity of action in this respect is significant of a general understanding that such an attempt to abbreviate criminal pleading would be outside the province of the legislature. No case has been cited by the state, and none has been found, holding that an indictment drawn in such general terms would satisfy the constitutional provision guaranteeing to the accused full and plain information of the offence with which he is charged. The mere statement that the indictment furnishes the accused no information whatever touching the description of the property he is charged with stealing is sufficient to establish its insufficiency.

Whether the statute under consideration is wholly unconstitutional, is a question not here involved. But the particular provision relied upon by the prosecution is so plainly in conflict with article 15 of the bill of rights that it must be held to be invalid. The power of the legislature to simplify criminal pleading and to do away with non-essentials is unquestioned. *State* v. *Adams,* 64 N. H. 440. But this does not extend to the omission of the allegation of anything necessary to a fair and full description of the offence charged. *State* v. *Small,* 64 N. H. 491; *Commonwealth* v. *Freelove,* 150 Mass. 66.

In the second indictment, the property embezzled is described as "furs of various kinds, of the value of six hundred and ninety-five dollars." To this allegation the same objection is made, and the question is whether this is a sufficient averment of what property was stolen.

The crime of embezzlement is of statutory origin, and was denounced to overcome the deficiency of the common law, wherein stealing was punished as larceny only when there was a wrongful taking. The offence thus made penal is largely of the nature of

larceny, and so far as the larcenous element enters into it the law upon that subject applies. Hence it follows that if the description here employed would be insufficient in an indictment for larceny it is insufficient in this indictment for embezzlement.

That the description would be insufficient in an indictment for larceny is well settled by the authorities. No reason is stated why the "furs of various kinds" could not have been more fully described, and it is apparent that a more particular description of what the property was would be of substantial benefit to the accused. The description of the property closely resembles that given in *Hamblett* v. *State*, 18 N. H. 384, where the stolen property was set out as "sundry bank bills, amounting together to the sum of $97, and of the value of $97." *Parker*, C. J., says: "Upon all the authorities, the indictment in this case is fatally defective. 'Sundry bank notes' is quite too loose. The principle has been settled here." To the same effect is *Lord* v. *State*, 20 N. H. 404. So far as appears, the authority of these cases has not been drawn in question; and for the sixty years and more which have elapsed since their decision it has been the practice in drawing indictments for stealing to describe each article by its appropriate name and to allege its value. The exception sometimes arising, where a particular description could not be obtained, has no application here. There is no suggestion that information was wanting and no averment in the indictment that further particulars were to the grand jurors unknown.

*Exceptions sustained.*

All concurred.