Merrimack,
Oct. 7, 1937.

STATE *v.* LEO P. GILBERT.

*Willoughby A. Colby,* Solicitor (by brief and orally), for the State.

*Robert W. Upton* and *Laurence I. Duncan (Mr. Duncan* orally), for the defendant.

MARBLE, J.   That part of the statute here involved is as follows: "Whoever upon any way operates a vehicle recklessly ... shall be fined not more than one hundred dollars, or imprisoned not more than six months, or both; and for a second offense he shall be imprisoned not less than one month nor more than one year.   If the death of any person results from the reckless operation of a motor vehicle the person convicted of such reckless operation shall, in lieu of any other penalty imposed by this section, be fined not more than one thousand dollars, or imprisoned not more than five years, or both, provided that the provisions of this section shall not be construed to limit or restrict prosecution for manslaughter."

While it is true that recklessness in the operation of a motor vehicle and the resulting death of a person are the sole requirements of the crime of which the defendant is accused, it is equally true that reckless conduct must be inferred from definite overt acts and that no act on which recklessness could be predicated is here alleged. It follows that the indictment, though phrased in the language of the statute, does not contain a fair and full description of the offense charged, within the meaning of Article 15 of the Bill of Rights. *State* v. *Silverman*, 76 N. H. 309. It differs from the indictment under consideration in the case of *State* v. *Rousten*, 84 N. H. 140, inasmuch as it does not inform the defendant of the nature and cause of the accusation against him with sufficient definiteness so that he can prepare for trial.

Nor can the defect be cured by permitting the State to file a bill of particulars, for the solicitor may not speak for the grand jury any more than he may amend an indictment. See *State* v. *Kelley*, 66 N. H. 577, 580, and cases cited.

Furthermore, the material facts which the State seeks to prove at the trial must be substantially the same as those on which the indictment is based, and to hold that the general accusation of recklessness in the operation of a motor vehicle is a sufficient specification of the defendant's behavior at the time of the accident is to open the door to proof of conduct differing in important respects from that on which the grand jury has acted.

The cases of *State* v. *Andrews*, 108 Conn. 209, and *Commonwealth* v. *Pentz*, 247 Mass. 500, on which the State relies, deal merely with the validity of the statutes there discussed. The constitutionality of Laws 1931, *c.* 81, is unquestioned.

The defendant's motion should have been granted.

*Indictment quashed.*

All concurred.