STATE *v.* MORRIS LIPTZER.

*Thomas P. Cheney*, Attorney-General, *Frank R. Kenison*, Assistant Attorney-General, and *John F. Beamis, Jr.*, County Solicitor (*Mr. Kenison* orally), for the State.

*Sewall & Hartnett* (*Mr. Hartnett* orally), for the defendant.

PAGE, J. Prior to the impanelling of the jury, the defendant moved to dismiss the complaint, both generally and specially on the ground that it failed to advise the defendant with sufficient clarity and definiteness of the charge against him. The motion was denied, subject to exception.

The defendant then moved to dismiss on the ground that the complaint did not state a crime within the meaning of the statute. This motion also was denied, subject to exception.

Next the defendant moved that the State be required to specify more fully and particularly with reference to the offense claimed to be set forth in the complaint. He excepted to the denial of this motion.

Article 15 of the Bill of Rights provides that "No subject shall be held to answer for any crime, or offense, until the same is fully and plainly, substantially and formally, described to him."

When this clause was last considered, an indictment was ordered quashed for merely alleging that the defendant operated a motor vehicle in a reckless manner upon a public highway (time and place specified), by reason whereof death was caused. Since the indictment, though phrased in the language of the statute, alleged no definite overt act upon which recklessness could be predicated, it was held that it did not contain a fair and full description of the offense charged, and did not inform the defendant of the nature and cause of the accusation with sufficient definiteness. *State* v. *Gilbert*, 89 N. H. 134.

The complaint now before us seems to be an attempt to charge the making of a lottery under P. L., c. 384, ss. 1, 4, 5. Though section 4 provides that "a lottery may be described as a pretended lottery," it does not authorize the State to resort to a pleading less informative than that secured to the defendant by the Constitution. *State* v. *Silverman*, 76 N. H. 309. The complaint failed to notify the defendant of the nature of the merchandise or the scheme of operation that made the defendant's acts an invasion of the statute. While the motion for specification could not have been granted (*State* v. *Gilbert*, *supra*), the complaint should have been quashed, though the court might then have suggested that the solicitor file at once a sufficient information.

Other questions need not be considered.

*Complaint quashed.*

All concurred.