Hillsborough, ⎰
Dec. 4, 1951. ⎱   No. 4078.

## STATE *v.* EDGAR F. SOUCY.

*Gordon M. Tiffany*, Attorney General, *Maurice M. Blodgett*, Deputy Attorney General and *Conrad Danais*, County Solicitor (*Mr. Blodgett* orally), for the State.

*John W. King* (by brief and orally), for the respondent.

LAMPRON, J.  Revised Laws, chapter 118, section 12, does not define what constitutes operating a vehicle recklessly.  Something more than mere negligence is required however.  To constitute the offense a vehicle must be operated under such circumstances, and in such a manner, as to show a willful or reckless disregard of consequences.  *State* v. *Yosua*, 91 N. H. 181, 182; *People* v. *Allison*, 226 P. (2d) 85, 86; 5 Am. Jur. 932.  But an active intent is not required. *State* v. *Yosua*, *supra*.

Morin testified that after the accident he got out of his car and saw the respondent get out of his car and that when Soucy walked toward him he staggered, his coat was unbuttoned, he smelled of liquor and his face was flushed.  There was also evidence that Soucy had had seven drinks of whiskey in a club from which he left shortly before the accident.  There was further testimony that after the cars had been separated Soucy told Morin: "Let's go to the station." Morin did but Soucy did not report there until the next morning after the police had called his home informing his wife to whom the car was registered that it had been involved in an accident and a report should be made.  When he did report Soucy did not know whom he had been in collision with when asked by the police.

Although Soucy testified that he was driving about twenty-five miles an hour at the time of the accident there was considerable damage to the front end of his car and better than $100 of damage

to the rear end of the Morin car. The latter testified that when he was about one hundred feet from the bridge he got "this great big shove in the back and about three seconds later the same thing happened."

On the above evidence the jury could find beyond a reasonable doubt the respondent guilty of operating his motor vehicle recklessly in violation of R. L., c. 118, s. 12.

Respondent's argument that the complaint for violation of R. L., c. 118, s. 19, is defective because it does not allege that he failed to "forthwith bring his vehicle to a stop, return to the scene of the accident" is without merit.

The object of this statute is to enable one who is in any way damaged by the operation of a motor vehicle upon a public way to obtain forthwith accurate information as to the identity of the person in charge of the automobile causing the damage. *State* v. *Sterrin*, 78 N. H. 220; *Commonwealth* v. *Horsfall*, 213 Mass. 232. Its amendment by Laws 1949, c. 34, in our opinion imposed an active and positive duty upon the respondent to tender at the scene explicit and definite information as to his name, address, number of his license etc. The purpose being to make it simple and easy to find him thereafter.

If as in this case the cars are locked together at the scene of the accident and the respondent is there it would be contrary to the facts for the State to allege a failure to stop and to return to the scene of the accident. However if the respondent did not furnish the required information which is the chief purpose of the statute he has violated its provisions thereby and it is sufficient to so allege as was done in this case.

It is admitted that Morin had the registration number of the Soucy car but this does not identify the operator where, as in this case, he is not the owner. There was evidence that Soucy gave an incorrect name and address when asked for same. There is no claim that he gave the number of his license nor the name and address of each occupant of his car.

On the evidence the jury could find beyond a reasonable doubt that the respondent failed to identify himself by giving to the operator of the motor vehicle damaged by him the information required by this statute and was guilty of a violation of its provisions.

*Exceptions overruled.*

All concurred.