Merrimack
No. 87-340

THE STATE OF NEW HAMPSHIRE

v.

DWIGHT T. REYNOLDS

December 28, 1988

*Stephen E. Merrill*, attorney general (*Peter G. Beeson*, senior assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, C.J. The defendant appeals from his burglary conviction, RSA 635:1, in the Superior Court (*DiClerico*, J.), contending that the trial court's denial of his motion to suppress evidence of property that the police had returned to the victim, in violation of RSA 595-A:6, denied him due process of law under the State Constitution. He concedes that federal law will not provide relief if his State claim fails. We hold that the trial court did not err because the State acted in good faith and without culpable negligence, the evidence was not material, and its return was not prejudicial to the defendant. Accordingly, we affirm.

On the night of April 18, 1986, an audible burglary alarm sounded at the Modern Pharmacy on Clinton Street in Concord. Concord police responding to the alarm found no indication of entry on the ground level, but discovered the defendant beneath some pine trees, twenty to twenty-five yards behind the building. Near the defendant, the officers found a small blue duffel bag containing a rubber mallet, crowbar, nail puller, and tar-encrusted screwdriver, as well as a number of drug containers, later identified as property of the Modern Pharmacy. Walter Kirsch, the owner of the

pharmacy, soon arrived and admitted the police into the building, where they noticed a gaping hole, approximately three feet by three feet, in the ceiling above the prescription bench. One of the investigating officers concluded that "some tool was used to pierce the roof so you could splinter it and pull it up." Tar on the roof matched the substance on the screwdriver found in the duffel bag. Kirsch noticed that shelf space previously displaying drugs was now empty. The police also found two more pill bottles on the ground between the Modern Pharmacy and the defendant's hiding spot.

The defendant was charged with burglary, a class B felony under RSA 635:1, receiving stolen property, a class A felony under RSA 637:7, and possession of burglary tools, a misdemeanor under RSA 635:1, V. A month later, in June, 1986, Kirsch went to the Concord police station and asked for the drugs found in the duffel bag. The police returned his property, so that he would not suffer any hardship in the operation of his pharmacy, without giving any notice to the defendant. Kirsch then sold the drugs in the ordinary course of his business. The defendant subsequently moved to dismiss all charges, citing the transfer of evidence without notice in violation of RSA 595-A:6. The defendant also moved to suppress all evidence relating to the returned drugs and to forbid reference to them at trial.

The trial court dismissed the receiving stolen property charge and denied the other motions. The court ruled that the State had violated RSA 595-A:6 by returning the drugs to Kirsch without notifying the defendant, but found "no bad faith on the part of the State in doing so. Failure to comply with the statute was as a result of ignorance or neglect." The defendant was convicted at a jury trial on both remaining charges and was sentenced to three and one-half to seven years for the burglary conviction and to twelve months, to run concurrently, for the possession of burglary tools.

The defendant appeals only the burglary conviction. He contends that the State violated the due process clause of the New Hampshire Constitution, N.H. CONST. pt. I, art. 15, by failing to notify him before it returned the drugs to Kirsch. The defendant argues that the trial court's finding of the State's "ignorance or neglect" was equivalent to a finding of culpable negligence, and that suppression of the evidence was an appropriate remedy. Because the State demonstrated the absence of both bad faith and culpable negligence, and the defendant failed to demonstrate that the loss of evidence prejudiced him, we affirm the conviction.

This court recently described the standard for determining whether the State's loss or destruction of evidence violated due process:

> "[O]nce a defendant demonstrates that the State has lost or destroyed apparently relevant evidence, the State has the burden to demonstrate that it acted both with good faith, in the sense that it was free of any intent to prejudice the defendant, and without culpable negligence. (Citation omitted.) If the State carries that burden, the defendant may not claim any relief unless he demonstrates that the lost evidence was material, to the degree that its introduction would probably have led to a verdict of not guilty, and that its loss prejudiced him by precluding the introduction of evidence that would probably have led to a verdict in his favor. (Citation omitted.)"

*State v. Murray*, 129 N.H. 645, 648, 531 A.2d 323, 325 (1987).

The defendant does not contest the trial court's finding that the police acted in good faith, but asserts that the court's characterization of the State's action as the result of "ignorance or neglect" amounts to a finding of negligence, and precludes the State from demonstrating that it acted without culpable negligence. The defendant has mistakenly assumed that ordinary neglect and culpable negligence are equivalent. Culpable negligence has been defined, in a different context, to be "[s]omething more than mere negligence." *State v. Strescino*, 106 N.H. 554, 556, 215 A.2d 706, 708 (1965) (quoting *State v. Soucy*, 97 N.H. 233, 234, 84 A.2d 838, 840 (1951)). Culpable neglect is "censorious, faulty or blamable," *Mitchell v. Smith*, 90 N.H. 36, 38, 4 A.2d 355, 357 (1939); it is "more than the failure to use ordinary care," *Coffey v. Bresnahan*, 127 N.H. 687, 693, 506 A.2d 310, 314 (1986) (quoting *Holway v. Ames*, 100 Me. 208, 211, 60 A. 897, 898 (1905)).

We have recognized this required element of culpability in previous evidence destruction cases. In *State v. Baillargeon*, 127 N.H. 782, 784, 508 A.2d 1051, 1053 (1986), this court agreed with the trial court that although relevant evidence had been lost, there was "no credible evidence of *gross negligence* or lack of good faith on the part of the State." (Emphasis added.) When we delineated the standard in *Murray*, we examined the record and found that the State's actions evinced "good faith and *freedom from culpability*." *Murray*, *supra* at 649, 531 A.2d at 326. (Emphasis added.) Culpable negligence is less than gross negligence but more than ordinary negligence. *See Coffey v. Bresnahan supra*. The State thus

carried its burden, demonstrating that its mistake was not the product of bad faith or culpable negligence.

The defendant conceded at oral argument that the evidence was not material under the *Murray* standard and that he suffered no prejudice from the loss of the drugs. As a result, he cannot claim any relief for a due process violation. *See State v. Murray, supra* at 648, 531 A.2d at 325. The defendant is not due any relief under RSA 595-A:6, either, because there has been no showing of prejudice that would warrant this court's fashioning a remedy for violation of the statute.

The trial court properly denied the defendant's motion to suppress; although the loss of relevant evidence was in violation of RSA 595-A:6, the State acted in good faith and without culpable negligence, the evidence was not material, and its loss did not prejudice the defendant.

*Affirmed.*

All concurred.