Merrimack
No. 88-003

DWIGHT T. REYNOLDS

v.

MICHAEL CUNNINGHAM, WARDEN,
NEW HAMPSHIRE STATE PRISON

December 29, 1988

*James E. Duggan*, appellate defender, of Concord, by brief and orally, for the petitioner.

*Stephen E. Merrill*, attorney general (*David S. Peck*, assistant attorney general, on the brief and orally), for the State.

BROCK, C.J. The State appeals from an order of the Superior Court (*Murphy*, J.) awarding the petitioner, an inmate at the New Hampshire State Prison, credit for pre-trial confinement from May 23, 1986, the date his parole was revoked, to August 12, 1987, the date of his conviction on the charges which arose out of the alleged parole violation.

The trial court ruled that the adult parole board's failure to grant the petitioner use immunity for his testimony at the parole revocation hearing denied him due process because it may have deterred him from testifying at that hearing in an attempt to preserve his right against self-incrimination at the impending trial on criminal charges. The State argues that the court should not have considered the self-incrimination question because the petitioner did not meet his burden of showing that he had raised

that question at the revocation hearing. We agree, and therefore vacate the superior court's order.

The petitioner, Dwight T. Reynolds, was convicted in 1981 for the felonious use of firearms and receiving stolen property. He was sentenced to three and one-half to seven years in the New Hampshire State Prison, and was paroled in 1985. On April 18, 1986, he was arrested and charged with burglary, possession of burglary tools, and receiving stolen property. *See State v. Reynolds*, 131 N.H. 291, 556 A.2d 298 (1988). This last charge was later dismissed. *Id.* The adult parole board (the board) held a revocation hearing on May 23, 1986, to determine whether the petitioner had violated his parole. *See* RSA 651-A:17 (Supp. 1988). The board heard testimony from police officers and reviewed police reports of the indictments and complaint; the petitioner neither testified nor presented any evidence. The hearing was recorded and, pursuant to standard board procedure, the tape was erased after 180 days. *See* RULES OF THE ADULT PAROLE BOARD ¶ 103.01. The board revoked petitioner's parole.

On August 12, 1987, the petitioner was convicted of burglary and possession of burglary tools. He was sentenced to three and one-half to seven years on the burglary charge, with credit for pre-trial confinement from April 23, 1986, to May 23, 1986, and to twelve months on the possession of burglary tools charge, to be served concurrently, with credit for pre-trial confinement from April 18, 1986, to May 23, 1986. The record does not indicate a reason for the discrepancy between the lengths of credit for pre-trial confinement.

Approximately sixteen months after the parole board decision, in September, 1987, petitioner filed a petition for writ of habeas corpus and a petition for declaratory judgment. He argued that the board had erred when it revoked his parole "on a presumption that indictment . . . was indicative of [his] misbehavior," and that the revocation therefore deprived him of pre-trial credit for confinement from the date of his arrest in April, 1986, until his conviction in August, 1987, in violation of his due process rights. As noted above, he had been allowed credit only for confinement from the date of arrest until the date on which his parole was revoked. The State moved to dismiss the petition. The petitioner then filed an objection to the motion to dismiss, asserting for the first time that the board had "advised him that anything he said in defense would be used against him in future prosecutions," jeopardizing the exercise of his privilege against self-incrimination.

During the hearing held on the petition in the superior court, the petitioner reiterated that he had not been able to defend himself at the revocation hearing because he had desired to preserve his right against self-incrimination. After the hearing, both parties submitted supporting memoranda, and the petitioner, for the first time, specifically alleged that he had stated during the revocation hearing "that he *would not* and *could not* say any thing (sic) concerning the indictment because of the pending trial" (emphasis in original). In its memorandum, the State urged the court to dismiss the petition, and argued that the petitioner had not properly raised the self-incrimination issue at the revocation hearing.

In December, 1987, the trial judge ruled that "because the petitioner *may* have been deterred from testifying at his revocation hearing by the desire to preserve his privilege against self-incrimination and right to remain silent at the trial, he was denied due process of law" (emphasis in original). The court ordered that the petitioner receive credit for his confinement from May 23, 1986, to August 12, 1987, as requested, and the State appealed.

As a preliminary matter, we note that the State has requested that we suspend our rules to permit it to add a question of law regarding the propriety of the remedy granted below. We need not rule on this request because we hold that the superior court erred when it considered the petitioner's claim. We do not reach the merits of the petitioner's self-incrimination argument for the same reason.

██ It is a long-standing rule that parties "may not have judicial review of matters not raised in the forum of trial." *Sklar Realty v. Town of Merrimack*, 125 N.H. 321, 328, 480 A.2d 149, 153 (1984). "We require issues to be raised at the earliest possible time, because trial forums should have a full opportunity to come to sound conclusions and to correct errors in the first instance." *Id.* This contemporaneous objection rule applies in a proceeding upon a petition for a writ of habeas corpus, *Roy v. Perrin*, 122 N.H. 88, 100, 441 A.2d 1151, 1159 (1982), and the petitioner bears the burden of demonstrating that he objected in the appropriate forum, *cf. State v. Staples*, 120 N.H. 278, 284, 415 A.2d 320, 323–24 (1980) (defendant bears burden of placing on the record indications that the trial court abused its discretion in admitting evidence of prior convictions).

The petitioner delayed this action for approximately sixteen months after the revocation hearing, after the transcript of that proceeding had been routinely destroyed, leaving no indication of

a contemporaneous objection aside from his unsupported after-the-fact allegations. The petitioner failed to carry his burden of demonstrating that he had raised the issue during the revocation hearing.

The petitioner argues that the contemporaneous objection rule should not be strictly applied because he allegedly appeared *pro se* at the revocation hearing. Even if the petitioner did appear *pro se*, which has not been established, the simple fact that the contemporaneous objection rule may have been relaxed under special circumstances in the past, *see Brewster v. State*, 107 N.H. 226, 227, 219 A.2d 706, 707 (1966) (technical requirements for preserving an exception waived for *pro se* litigant where fact of objection was apparently undisputed, though not in the record), does not establish a different standard for *pro se* parties. We therefore hold that because the petitioner failed to demonstrate that he had raised the self-incrimination issue at the parole revocation hearing, the superior court should not have considered the issue.

*Order of superior court vacated and case remanded with instructions to dismiss petition for writ of habeas corpus.*

All concurred.