Rockingham
No. 87-420

THE STATE OF NEW HAMPSHIRE

v.

MICHAEL PELKY

June 28, 1989

*John P. Arnold*, attorney general (*John S. Davis*, assistant attorney general, on the brief and orally), for the State.

*Joanne Green*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

JOHNSON, J. The State appeals from an order of the Superior Court (*Gray*, J.) granting a motion by the defendant to quash an indictment charging him with second degree assault. RSA 631:2. We reverse and remand.

On October 8, 1986, the defendant, Michael Pelky, struck a bicycle ridden by Walter Ginalski with his truck. Mr. Ginalski, who had been riding near the white fog line bordering the southbound lane of Bypass Route 28 in Auburn at the time of the collision, sustained fractures to the bones in his back. Based on this incident, a Rockingham County Grand Jury returned an indictment on November 12, 1986, charging the defendant with second degree

assault. On March 25, 1987, the defendant moved to quash the indictment on the ground that it failed to meet the State constitutional requirement of specificity. Over the State's objection and after a hearing, the superior court granted the motion.

On May 5, 1987, the grand jury returned a second indictment, again charging the defendant with second degree assault. The indictment, which is the subject of this appeal, stated:

"[On October 8, 1986, the defendant] . . . at Auburn . . . did commit the crime of second degree assault in that under good weather conditions, with a bicyclist being clearly visible, and without any traffic conditions that would require him to drive near the white fog line on ByPass 28, a two lane highway that is approximately 27 feet six inches wide near the point of impact with another four feet of pavement beyond the white fog line, he drove a truck in a southerly direction on ByPass 28 near the white fog line and struck a bicycle being ridden near the white fog line in a southerly direction on ByPass 28 by Walter Ginalski, and thereby recklessly caused serious bodily injury to the said Walter Ginalski who sustained fractures to the bones in his back as a result of this collision . . . ."

The defendant moved to quash the indictment on the ground that it too failed to meet the State constitutional requirement of specificity. He did nót raise any federal constitutional claims. He claimed that the indictment was deficient in failing to allege a "definite or overt act of recklessness," stating that "this indictment merely describes the circumstances of an accident and then asserts the conclusion that injuries resulting from that accident were 'recklessly caused'." According to the defendant, he found it impossible from the indictment to discern "what risk, if any, [he] was aware of and then consciously disregarded. Thus, it is also impossible for [him] to 'know what he must meet.'" Following a hearing held on October 2, 1987, the trial court ordered the indictment quashed. The State appealed pursuant to RSA 606:10, II(c).

Part I, article 15 of the New Hampshire Constitution provides that "[n]o subject shall be held to answer for any crime, or offense, until the same is fully and plainly, substantially and formally, described to him . . . ." This constitutional guarantee is effectuated in cases involving offenses which may be punishable by death or imprisonment for more than one year, *see* RSA 601:1, partly by means of the indictment, which must "set[ ] forth the offense fully,

plainly, substantially and formally" in order to be deemed sufficient. RSA 601:4. The defendant argued below, and the trial court apparently agreed, that the indictment failed to meet this standard by neglecting to specify the overt act by which the defendant had acted recklessly. On appeal, the State argues first that an allegation of recklessness in an indictment charging a specific-result crime need not specify the conduct creating the risk in question. The State next argues that if specification of an overt act is required, the indictment in this case sufficiently describes such an act.

■ We agree with the State that the indictment in the instant case can be read to specify an overt act of recklessness. Under the Criminal Code, a person acts recklessly when he is aware of and consciously disregards a substantial and unjustifiable risk that a material element of a crime, in this case, serious bodily injury, will result from his conduct. See RSA 626:2, II(c). "The risk must be of such a nature and degree that, considering the circumstances known to him, its disregard constitutes a gross deviation from the conduct that a law-abiding person would observe in the situation." Id. The indictment stated that the truck, driven by the defendant, and a bicycle, ridden by the victim, were moving south near the white fog line of Bypass Route 28 on a clear day and under good road conditions. We can infer that the reckless conduct charged by the indictment consisted of the defendant's awareness and disregard of the risk that his truck, which was travelling near the white fog line and which was presumably moving at a greater speed than the bicycle, would overtake and strike the bicycle, which was also travelling near the white fog line. However, our determination that the indictment can be read to specify an overt act of recklessness, standing alone, neither requires nor permits a finding that the indictment meets the constitutional requirement of specificity.

■ We have before held that, in order for an indictment to be deemed constitutionally sufficient, it must "inform the defendant of the offense for which he is charged with sufficient specificity so that he knows what he must be prepared to meet and so that he is protected from being put in jeopardy once again for the same offense." State v. Inselburg, 114 N.H. 824, 827, 330 A.2d 457, 459 (1974) (citations omitted); see State v. Stearns, 130 N.H. 475, 488, 547 A.2d 672, 679 (1988) (citations omitted); State v. Therrien, 129 N.H. 765, 770, 533 A.2d 346, 348 (1987). An indictment will enable a defendant to prepare for trial and protect him against double

jeopardy if it "alleges all the elements of an offense that is identified by pleaded facts. . . ." *State v. Therrien, supra* at 770, 533 A.2d at 349. However, once a specific offense has been identified, "there is no further and independent requirement to identify the acts by which a defendant may have committed that offense." *Id.* The sufficiency of an indictment is determined not by inquiring whether the indictment could be more certain and comprehensive, but by determining whether it contains the "elements of the offense and enough facts to warn the accused of the specific charges against him." *State v. Manchester News Co.*, 118 N.H. 255, 257, 387 A.2d 324, 327 (1978); *see State v. Stearns, supra* at 488, 547 A.2d at 679.

The second indictment returned by the grand jury, which is the indictment at issue in this appeal, charged the defendant with second degree assault. The crime of second degree assault is committed when a person "[k]nowingly or recklessly causes serious bodily injury to another." RSA 631:2. The indictment charged that the defendant had "recklessly caused serious bodily injury" to a specific person, on a specific date, on a specific section of a specific road under specific weather conditions by driving a Ford truck "near the white fog line and [striking] a bicycle being ridden near the white fog line . . . by Walter Ginalski . . . who sustained fractures to the bones in his back as a result of this collision." The conclusion drawn by the indictment that the defendant had thus *recklessly* caused serious bodily injury makes it clear that the State intends to prove that the defendant was "aware of and consciously disregard[ed] a substantial and unjustifiable risk" that his conduct would cause serious bodily injury, and that the risk was of such a nature and degree that, given the circumstances known to him, its disregard constituted a "gross deviation" from the conduct which would be observed by a law-abiding person. *See* RSA 626:2, II(c). We hold that the superior court erred in quashing the indictment, as it clearly informed the defendant that he was accused of being aware of and consciously disregarding a risk that he would cause serious bodily injury, which was realized when his truck struck the bicycle ridden by Walter Ginalski. Based on this indictment, we do not see how the defendant can claim that he would be unable to invoke "double jeopardy protection or educate his counsel on whatever he knows about the offense, so that investigation, discovery and other trial preparation can begin." *See State v. Therrien*, 129 N.H. at 770, 533 A.2d at 349.

Because we conclude that the sufficiency of the indictment turns on whether the indictment alleged conduct from which recklessness may be inferred, we address the holding in *State v. Gilbert*, 89 N.H. 134, 194 A.728 (1937), on which the defendant relies to support his

claim that an overt act of recklessness must be specified. *Gilbert,* which was decided in 1937, involved an indictment charging the defendant with operating a motor vehicle in a reckless manner and thereby causing someone's death. The indictment in that case charged that the defendant "did operate a motor vehicle in a reckless manner upon a public highway, . . . and by reason of said reckless operation of said motor vehicle did cause the death" of an individual. *State v. Gilbert, supra* at 135, 194 A.2d at 729. This court quashed the indictment on the ground that because no overt "act on which recklessness could be predicated is here alleged," the indictment does "not contain a fair and full description of the offense charged." *Id.* at 136, 194 A. at 729. The court found that the indictment thus failed to inform the defendant of the "nature and cause of the accusation against him with sufficient definiteness so that he can prepare for trial." *Id.* There are reasons, however, why we do not require specification of an overt act of recklessness in the instant case.

First, at the time *Gilbert* was decided, what constituted *reckless* operation of a motor vehicle was not statutorily defined. *See State v. Soucy,* 97 N.H. 233, 234, 84 A.2d 838, 840 (1951); *State v. Yosua,* 91 N.H. 181, 182, 16 A.2d 370, 371 (1940). RSA 626:2, II(c) now specifically defines reckless behavior in terms of being aware of a risk and disregarding the risk. Thus a defendant now charged with "recklessly" causing serious bodily injury knows that the State will have to prove that he was aware of and disregarded a substantial and unjustifiable risk that serious bodily injury would occur.

Second, the indictment at issue in *Gilbert* contained very few facts specifying the offense. It did not describe the road where the accident took place or precisely where the defendant and victim were situated at the time of the accident, as does the indictment in the instant case. Unlike the present indictment, it did not describe the traffic or weather conditions, or state that the victim was "clearly visible." In fact, the indictment in *Gilbert* failed to state even the overt act which brought about the death. The indictment simply charged that the defendant's reckless conduct had *caused* the death. In contrast, the indictment in the instant case specifies that the defendant continued in a line of travel that led to striking the bicycle ridden by the victim with his truck. Because we find that the indictment charging the defendant with second degree assault meets the constitutional test for sufficiency, we reverse the order of the trial court and remand the case.

*Reversed and remanded.*

All concurred.