Strafford
No. 90-360

THE STATE OF NEW HAMPSHIRE

v.

KARL EBINGER

February 28, 1992

*John P. Arnold*, attorney general (*Cynthia L. White*, assistant attorney general, on the brief, and *Janice K. Rundles*, assistant attorney general, orally), for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, C.J.  The defendant, Karl Ebinger, appeals from his conviction of negligent homicide, RSA 630:3, in the Superior Court (*Nadeau*, J.), asserting that there was insufficient evidence for the jury to find, beyond a reasonable doubt, that he was criminally negligent. We affirm.

On October 9, 1988, Ebinger was driving his truck on Route 125 in Lee when it struck and killed a fifteen-year-old bicyclist, Tracy Fournier. As a result of the accident, the defendant was charged in a two-count indictment for negligent homicide, pursuant to RSA 630:3. The first count alleged that the defendant was driving while under the influence of alcohol and caused the death of another, while count two alleged that the defendant negligently crossed over the white fog line into the breakdown lane, thereby causing the death of another.

The jury convicted the defendant on the second count, but was unable to reach a decision on the first count. Ebinger, who was sentenced to three-and-one-half to seven years imprisonment, appeals on the grounds of sufficiency of the evidence.

In order to have convicted the defendant of negligent homicide, the jury must have found, beyond a reasonable doubt, that the defendant failed to become aware of a substantial and unjustifiable risk that death would result from his conduct. RSA 626:2, II(d). The risk must be such that the "failure to become aware of it constitutes a gross deviation from the conduct that a reasonable person would observe in the situation." *Id.*

Whether the defendant failed to become aware of a "substantial and unjustifiable risk" is determined by an objective test, not by reference to the defendant's subjective perception. Using this objective standard, the jury could have found that a reasonable person, in the defendant's place, would have seen Tracy Fournier and avoided hitting her. Furthermore, the jury could have combined this finding with the evidence that the defendant had been drinking on the day of the accident to conclude that the defendant's "failure to become aware of [the risk] constitute[d] a gross deviation from the conduct

that a reasonable person would observe in the situation." RSA 626:2, II(d).

■■ When reviewing the defendant's claim, we will view all evidence in the light most favorable to the prosecution. *State v. O'Flynn*, 126 N.H. 706, 707, 496 A.2d 348, 349 (1985). The jury verdict will be upheld unless "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *State v. Pierce*, 126 N.H. 84, 87, 489 A.2d 109, 111 (1985) (citations omitted).

The evidence showed that the victim was riding her bicycle in the breakdown lane of Route 125; the bike was equipped with reflectors on the pedals; it was a clear and dry night; the victim was wearing a light grey sweatshirt and faded blue jeans; it was dusk, not dark out; and the defendant's headlights were on. Although an examination of the vehicle later showed no defects in the steering or braking systems, after the collision the defendant swerved back into the travel lane, and failed to stop for some 280 feet.

The first police officer to arrive at the scene, moments after the collision, smelled alcohol on the defendant's breath and noticed that the defendant's eyes were bloodshot and glassy. Upon questioning, the defendant admitted consuming two beers earlier in the day. At that point, the officer administered four field sobriety tests, three of which the defendant failed. The officer then requested that the defendant take a blood alcohol test, explaining to him that he would lose his license for a minimum of ninety days if he refused. The defendant chose not to take the test.

Buttressing the officer's testimony was the testimony of two emergency medical technicians who had arrived shortly after the accident. Both testified that there was an odor of alcohol coming from the defendant's mouth, and one EMT observed that the defendant's eyes were bloodshot. Furthermore, several other witnesses testified that they saw the defendant consume beer on the day of the accident.

Additional evidence showed that inside the truck there were several indications that alcohol had been consumed, including a puddle of an alcoholic beverage on the driver's side floor, numerous empty beer cans in the cab and bed of the truck, and one unopened beer can, still in the six-pack plastic holder, on the seat between the driver and passenger. Although these cans and bottles were devoid of fingerprints, and, consequently, never directly tied to the defendant, the jury was properly allowed to consider this evidence in its deliberations.

■ The jury's failure to reach a verdict on the first count indicates that one or more of the jurors may have considered the evi-

dence of the defendant's intoxication insufficient to establish his guilt beyond a reasonable doubt. The jury's inability to convict the defendant on the first count, however, did not preclude it from factoring evidence of alcoholic consumption into its conclusion that the defendant was criminally negligent. As the defendant acknowledged at oral argument, the jury was properly permitted to consider the defendant's alcoholic intake and its effect upon his behavior.

A thorough review of the evidence shows that the jury could have found that the defendant's behavior constituted a gross deviation from the conduct that a reasonable person would have exhibited in the same situation. Therefore, we conclude that the defendant was properly convicted of negligent homicide.

*Affirmed.*

All concurred.