Belknap
No. 93-572

THE STATE OF NEW HAMPSHIRE

v.

MICHAEL W. PITTERA

December 28, 1994

*Jeffrey R. Howard*, attorney general (*Patrick E. Donovan*, assistant attorney general, on the brief and orally), for the State.

*Brennan, Caron, Lenehan & Iacopino*, of Manchester (*Michael J. Iacopino & a.* on the brief, and *Mr. Iacopino* orally), for the defendant.

THAYER, J. The defendant, Michael W. Pittera, appeals from his conviction for negligent homicide, RSA 630:3, I(a) (Supp. 1993), based on a jury verdict in the Superior Court (*Fauver*, J.). The defendant argues that: (1) the indictment was constitutionally insufficient in that it failed to allege a crime; and (2) the evidence was insufficient as a matter of law to sustain his conviction. We affirm.

The grand jury brought two indictments against the defendant, alleging alternative theories of negligent homicide. The defendant moved to have the indictments dismissed, and the trial court denied these motions. After a jury trial, the defendant was acquitted on the first indictment, which alleged negligence based on operating a boat at excessive speed and excessively close to shore. The defendant was convicted on the second indictment, which alleged that he

> did negligently cause the death of another, in that the said Michael W. Pittera did operate a boat on Lower Suncook Lake and did fail to pay due attention and fail to see a person in the water, resulting in said boat and its propeller striking Nicholas G. Carpenter, DOB 8/17/80, causing a cervical fracture and a severing of his spinal cord, which caused the death of said Nicholas G. Carpenter.

It is this indictment that the defendant now challenges.

The defendant argues that the trial court should have dismissed this indictment because it does not allege sufficient facts to make out a claim of criminal negligence. Specifically, he argues that the indictment does not allege that the defendant failed to become aware of a substantial and unjustifiable risk. The defendant relies in large part on *State v. Gilbert*, 89 N.H. 134, 194 A. 728 (1937), in which we held that an indictment containing a general accusation of recklessness was not sufficient. The defendant's reliance is misplaced. As we stated in *State v. Pelky*, 131 N.H. 715, 720, 559 A.2d 1345, 1348 (1989), *Gilbert* was decided prior to the codification of the *mens rea* standards for the State. *See* RSA 626:2 (1986).

■■ An indictment is constitutionally sufficient provided that it informs a defendant of the charge with adequate specificity to allow the defendant to prepare for trial and to be protected against double jeopardy. *Pelky*, 131 N.H. at 718, 559 A.2d at 1347. There is no additional requirement, once a crime has been identified with factual specificity, that the acts by which the defendant may have committed the offense be identified. *Id.* at 719, 559 A.2d at 1347.

In *State v. Burley*, 137 N.H. 286, 627 A.2d 98 (1993), Burley argued that the indictment failed to allege sufficient facts to support an allegation of extreme indifference to the value of human life. The indictment alleged that Burley "did commit the crime of Second Degree Murder in that he recklessly caused the death of [the victim] under circumstances manifesting an extreme indifference to the value of human life, by shooting her in the head with a pistol." We held that the indictment need not contain any additional factual allegations. *Id.* at 289, 627 A.2d at 100.

■■ Here, the indictment alleges all of the elements of negligent homicide, as well as the date of the offense, the name of the victim, and how the defendant committed the offense. These allegations were sufficient to put the defendant on notice as to what he had to meet at trial. The indictment need not allege other specific acts of the defendant or circumstances that would constitute a failure to become aware of a substantial and unjustifiable risk. RSA 626:2, II(d). The indictment informed the defendant that he was charged with negligently causing the death of the victim by failing to pay due attention and failing to see a person in the water, resulting in his boat striking and killing Nicholas Carpenter. This was constitutionally sufficient. *Pelky*, 131 N.H. at 718, 559 A.2d at 1347; *State v. Low*, 138 N.H. 86, 87, 635 A.2d 478, 479 (1993).

■ The defendant next challenges the sufficiency of the evidence. At the end of the State's case and again at the close of all of the evidence, the defendant unsuccessfully moved to dismiss, arguing that the State failed to establish that he was guilty of negligent homicide. To succeed on his motions to dismiss, "the defendant had to establish that the evidence viewed in its entirety, giving the State the benefit of all reasonable inferences, was insufficient to prove beyond a reasonable doubt that he was guilty of the crime charged." *State v. Wong*, 138 N.H. 56, 64, 635 A.2d 470, 475 (1993) (citation and quotation omitted); *see also State v. Evans*, 134 N.H. 378, 383, 594 A.2d 154, 158 (1991). When reviewing the trial court's denial of a motion to dismiss, we "view the evidence and reasonable inferences arising therefrom in the manner most favorable to the State." *Wong*, 138 N.H. at 64, 635 A.2d at 475. We review the entire trial record because, even though the defendant is not required to present a case, if he chooses to do so, he takes the chance that evidence presented in his case may assist in proving the State's case. *Id.* Therefore, the issue on appeal as to both motions is the same. *See State v. LeNoir*, 97 N.H. 462, 463, 92 A.2d 159, 159 (1952).

To have convicted the defendant of negligent homicide, the jury must have found, beyond a reasonable doubt, that the defendant failed to become aware of a substantial and unjustifiable risk that death

would result from his conduct. RSA 626:2, II(d). The risk must be such that the "failure to become aware of it constitutes a gross deviation from the conduct that a reasonable person would observe in the situation." *Id.*

"Whether the defendant failed to become aware of a substantial and unjustifiable risk is determined by an objective test, not by reference to the defendant's subjective perception." *State v. Ebinger,* 135 N.H. 264, 265, 603 A.2d 924, 925 (1992). Using this objective standard, the jury could have found that a reasonable person, in the defendant's place, would have seen Nicholas Carpenter in the water and avoided hitting him. Furthermore, the jury could have combined this finding with the evidence that the defendant was traveling rapidly through a cove area containing numerous docks and adjacent to a known swimming area while watching the shoreline, to conclude that the defendant's "failure to become aware of [the risk] constitute[d] a gross deviation from the conduct that a reasonable person would observe in the situation." RSA 626:2, II(d).

The evidence showed that the victim was swimming with a group of five other people. While there is conflicting testimony as to the water level, at least the victim's mother was visible from the waist up. The victim was located near a known swimming area and members of the group were using assorted visible flotation devices; the group was visible from the shore; and the defendant had turned away from his direction of travel, pointing to property on the shore, prior to the accident.

The acquittal of the defendant on the first count indicates that the evidence of the defendant's excessive speed alone was insufficient to establish his guilt beyond a reasonable doubt. The acquittal, however, did not preclude the jury from considering evidence regarding the defendant's speed in determining whether the defendant was criminally negligent under the second indictment. *See Ebinger,* 135 N.H. at 267, 603 A.2d at 925.

The evidence supports the jury's finding that the defendant's behavior constituted a gross deviation from the conduct that a reasonable person would have exhibited in the same situation. Therefore, the trial court properly denied the defendant's motions to dismiss.

*Affirmed.*

All concurred.