Giordano v. Cunningham                CV-97-154-M   11/03/98

UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Vincent Giordano,
       Plaintiff

       v.                                    Civil No. 97-154-M

Michael J. Cunningham, Warden,
       Defendant



                            O R D E R

       Petitioner, Vincent Giordano, seeks habeas corpus relief

from incarceration following his burglary conviction in state

court.  See 28 U.S.C. § 2254.  He alleges that his conviction and

sentence are in violation of his federal constitutional rights.


                      **Procedural Background**

       On March 26, 1998, Giordano filed an amended petition for

habeas corpus relief (the fourth amendment to his original

petition), in which he raises two grounds for relief.  First, he

asserts that he received ineffective assistance of trial counsel,

alleging that counsel failed to raise a speedy trial claim and

conspired with the prosecutor to allow the introduction of

evidence regarding his possession of allegedly stolen foreign

currency.  Next, Giordano claims that he was the victim of

prosecutorial misconduct, stemming from allegedly improper

statements in, among other things, the prosecutor's opening

statement and closing argument.  In its answer, the State

acknowledges that Giordano has exhausted his claims, see 28

U.S.C. § 2254(b), but denies that he is entitled to the relief requested.

## Factual Background

During the early morning hours of December 3, 1987, Manchester Police Officers were dispatched to Brayco International, Inc. to investigate suspicious activity. After a search of the premises, the officers found Giordano hiding in the building. He was taken into custody, following which officers recovered from his person items which included 20 five-dollar bills, a variety of foreign coins and paper currency, a flashlight, a jigsaw blade, and two drill bits. After a search of the premises, the officers also located several suitcases which were filled with various items belonging to Brayco. However, one of the cases contained a number of tools, including a chisel, a jigsaw, a jigsaw blade container (with one blade missing), a drill, and a drill bit container (with two bits missing). The tools were not property of Brayco, nor did they belong to either of the contractors who were renovating a portion of the building. The office manager reported to police that $95 in cash (in the form of $5 bills) was missing from petty cash.

Prior to trial, Giordano moved the court to order the State to return "all of his property seized on December 3, 1987 in connection with this case." Petitioner's motion to restore property, at 1. The State asserted that the foreign currency had

2

been stolen from Brayco and, therefore, should not be returned to petitioner. Following a hearing, the trial court ordered the State to provide "written justification for retaining any of the property of defendant set forth in the two-page police property report." Order dated September 21, 1998. The State responded by notifying the court that it had contacted newly appointed defense counsel and expected to arrive at a stipulated resolution to defendant's pending motion to restore the seized property. The court apparently deemed that response inadequate and ordered that "all property being presently retained by the state shall be turned over to defendant forthwith." Order dated November 1, 1988.

Nevertheless, at trial the prosecutor elicited testimony from the president of Brayco that he collected foreign coins and frequently had a number of such coins in his desk. Giordano's counsel moved to strike the testimony, alleging that the government had failed to establish any link between the coins seized from (and later returned to) Giordano and the burglary. The court denied the motion. Subsequently, counsel for the State and counsel for Giordano entered into a stipulation regarding the foreign coins, which the court read to the jury. The stipulation explained that Giordano had filed a motion requesting the return of certain seized property, the court conducted a hearing on the matter, concluded that the State had failed to provide written

3

justification for withholding the coins and, therefore, ordered that they be returned to Giordano.

Following his conviction, Giordano filed a post-trial motion in which he asserted that the trial court had committed reversible error by allowing the prosecutor to introduce testimony about the foreign currency. The trial court denied his motion, noting that it had already considered the issue in the context of Giordano's earlier motions. He did not raise the issue on direct appeal of his criminal conviction.

After the New Hampshire Supreme Court affirmed Giordano's conviction, see State v. Giordano, 138 N.H. 90 (1993), he moved for a new trial, again alleging that he had received ineffective assistance of counsel insofar as counsel had failed to file a motion in limine seeking to preclude the introduction of any evidence relating to the foreign currency and neglected to object to certain statements and questions by the prosecutor concerning that currency. The trial court denied his motion. Giordano filed a notice of appeal with the New Hampshire Supreme Court, which declined to accept his appeal.

Giordano now asserts that his rights guaranteed by the Sixth and Fourteenth Amendments were violated by trial counsel's alleged inadequate assistance (by failing to obtain a ruling in limine precluding any testimony regarding the foreign coins) and

4

by the prosecutor's references to the foreign currency (in opening statement, examination of witnesses, closing argument, as well as statements made outside the presence of the jury in the context of oral arguments on defendant's various motions).

## Discussion

I.   <u>Ineffective Assistance of Counsel</u>.

To show that his trial counsel's representation was constitutionally deficient, Giordano must satisfy the two-part test established in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  To succeed, he must show that "(1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different."  <u>Smullen v. United States</u>, 94 F.3d 20, 23 (1st Cir. 1996).

Even if Giordano could satisfy the first prong (which he has not) by showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," <u>Strickland</u>, 466 U.S. at 687, he certainly has not demonstrated the prejudice element of the second prong. To clear the high hurdle of the prejudice element, Giordano "must affirmatively prove 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.'"

5

Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996)
(quoting Strickland, 466 U.S. at 694).

Giordano's ineffective assistance of counsel claim is based
on the assertion that the evidence regarding the foreign currency
was inadmissible and counsel somehow failed to take appropriate
steps to insure that it was not introduced at trial.  However,
Giordano's legal premise (that the evidence was inadmissible)
appears to be an incorrect view of governing state law.  See,
e.g., State v. Reynolds, 131 N.H. 291, 294-95 (1988); State v.
Brown, 125 N.H. 346, 351 (1984).

Nevertheless, Giordano's counsel actually attempted to keep
that evidence from the jury.  Ultimately, however, the trial
court ruled that it was admissible and, therefore, permitted the
prosecutor to elicit testimony concerning the foreign currency.
Even if trial counsel had done as Giordano suggests he should
have (i.e., moved in limine to preclude any such testimony and/or
objected more vigorously to the prosecutor's references to the
foreign currency), the result would likely have been the same:
the court would have denied counsel's objection and reaffirmed
its earlier ruling that evidence concerning the foreign currency
was admissible.

Taking the analysis even a step further and assuming that
the trial court should have excluded that evidence and counsel

6

failed to take reasonable steps to disabuse the court of its allegedly incorrect view of the law, Giordano has not demonstrated that the preclusion of that evidence would likely have altered the jury's verdict in any way (i.e., that but for counsel's alleged error, the result of the proceeding might have been different). Independent of the foreign currency, the evidence introduced against Giordano at trial was both substantial and compelling. And, his assertion that he had been granted access to the building so that he might use the restroom (and his explanation for how he came to be carrying burglary tools in his pockets – tools which directly linked him to a substantial cache of other burglary tools found at the premises) was, at a minimum, incredible. In short, Giordano has failed to establish either of the two elements of the Strickland test.[1]

---

[1] Giordano's assertion that he was denied effective assistance of counsel insofar as counsel failed to adequately assert Giordano's claim that he had been denied the right to a speedy trial (and/or speedy sentencing) is entirely without merit and Giordano has failed to produce any evidence which even remotely suggests that he is entitled to habeas relief on that basis. The record is replete with evidence that the delays in bringing Giordano to trial were almost exclusively the product of his repeated dismissal of appointed counsel. See, e.g., Transcript of hearing dated July 5, 1990. See also Transcript of hearing dated June 5, 1989 at 28 (in which the court held that each continuance granted in the case, some of which were over the State's objection, was granted to insure that Giordano receive adequate assistance of counsel and a fair trial).

The record also demonstrates that on several occasions trial counsel advanced claims that Giordano was denied the right to a speedy trial. Prior counsel also advanced similar motions, as did the defendant himself, in the form of pro se pleadings. Notwithstanding Giordano's assertions to the contrary, this issue was, at a minimum, fully and adequately addressed. His assertion that his counsel was constitutionally inadequate for having failed to raise the speedy trial issue is entirely without merit.

7

II.   Denial of Due Process/Unfair Statements by the Prosecutor.

Giordano's second basis for habeas relief is closely linked to the first.  Again, he relies upon his mistaken assertion that the testimony concerning the foreign currency was inadmissible at trial and, therefore, should not have been referenced by the prosecutor in his opening statement, examination of witnesses, or closing argument (he also suggests that trial counsel erred by not seeking a mistrial based upon comments made by the prosecutor to the court, outside the presence of the jury).  As noted above, however, Giordano's reasoning is flawed.  The trial court specifically ruled that the evidence concerning the foreign currency was admissible.  There is simply nothing in the record from which this court might reasonably conclude that: (1) the trial court erred in admitting such evidence; and (2) the admission of such evidence was the product of an erroneous application of federal law, deprived Giordano of any federally protected rights, or that the jury's verdict might have been different had such evidence been suppressed.

Similarly, Giordano's assertion that his rights under N.H. Rev. Stat. Ann. ("RSA") 595-A:6 were violated (and therefore, that he was deprived of due process) is without basis.  That

---

Moreover, nothing suggests that the trial court's denial of those motions was contrary to or based upon an unreasonable application of federal law.  See 28 U.S.C. § 2254.  See also Order dated August 30, 1991) (Hampsey, J.) (denying petitioner's motion to vacate jury verdict on grounds that he received constitutionally deficient assistance of counsel).

statute authorizes the trial court to order the return of property (even that which has evidentiary value) seized by the police. That the prosecutor failed to file a timely and proper objection to Giordano's motion seeking the return of the foreign currency (or that the court actually ordered that such currency be returned to him), did not preclude the prosecutor from introducing evidence at trial which demonstrated that Giordano had actually stolen that currency. See Trial transcript at 150-59; see also State v. Reynolds, supra; State v. Brown, supra. At a minimum, however, Giordano has failed to demonstrate that the trial court's decision to permit the prosecutor to introduce evidence concerning the foreign currency (regardless of whether or not it was consistent with RSA 595-A:6) "was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1), or otherwise led to the violation of Giordano's federally protected rights.

## Conclusion

For the foregoing reasons, it is apparent that petitioner is not entitled to relief under 28 U.S.C. § 2254. Accordingly, his fourth amended petition for habeas corpus relief (document no. 70) is denied. The Clerk of the Court is instructed to enter judgment in accordance with this order and close the case.

**SO ORDERED**

_____
Steven J. McAuliffe

9

November 3, 1998

cc:  Vincent Giordano
     Ann M. Rice, Esq.