# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0693, <u>State of New Hampshire v. Craig W. Carter</u>, the court on July 12, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Craig W. Carter, appeals his conviction, following a jury trial in Superior Court (<u>Temple</u>, J.), on a charge of possession of cocaine. <u>See</u> RSA 318-B:2, :26 (2011) (amended 2013, 2015). He argues that, because the Nashua Police Department destroyed the cocaine that he was charged with possessing, apparently without complying with RSA 318-B:17 (Supp. 2015), the trial court erred by not dismissing the charge, or alternatively, by not suppressing the report of the analyst who tested the drug.

At the outset, we reject the State's contention that the defendant has not preserved his argument that the trial court erred by not dismissing the charge as a remedy for the State's noncompliance with RSA 318-B:17. The record reveals that, no less than three times at trial, the defendant moved to dismiss on the basis that the State had violated RSA 318-B:17 in destroying the drug. He subsequently moved to set the verdict aside on the same basis. The trial court denied each motion. Under these circumstances, the argument is more than adequately preserved. <u>See</u> <u>Mellin v. N. Sec. Ins. Co.</u>, 167 N.H. 544, 556 (2015). Because, as discussed below, the defendant has not established that he was entitled to any remedy under RSA 318-B:17, we need not address whether his objection to the analyst's report was sufficient to preserve his alternative argument that the trial court erred by not suppressing the report.

We assume, without deciding, that the State's destruction of the cocaine violated RSA 318-B:17. The defendant's arguments require that we first analyze RSA 318-B:17 to determine whether the legislature intended to provide a defendant, who has been charged with possessing drugs that have been destroyed in violation of the statute, with a remedy. <u>See</u> <u>State v. Smith</u>, 154 N.H. 113, 115 (2006). In construing a statute, we will not consider what the legislature might have said, or add words that it did not see fit to include. <u>Id.</u> Absent a legislatively-intended remedy for the State's violation of a statute or the deprivation of the defendant's constitutional rights, we will fashion a remedy for a statutory violation only if the defendant can demonstrate prejudice. <u>See</u> <u>State v. Martel</u>, 141 N.H. 599, 603 (1997); <u>State v. Dushame</u>, 136 N.H. 309, 315 (1992); <u>State v. Reynolds</u>, 131 N.H. 291, 295 (1988).

RSA 318-B:17 provides, in its entirety, as follows:

> All controlled drugs, the lawful possession of which is not established or the title to which cannot be ascertained, which have come into the custody of a law enforcement officer shall be forfeited and disposed of as follows:

> I.  The superior court shall order such controlled drugs forfeited and destroyed.  A record of the place where the drugs were seized, of the kinds and quantities of drugs so destroyed, and of the time, place and manner of destruction shall be kept, and return under oath, reporting said destruction, shall be made to the superior court and to the Drug Enforcement Administration, if controlled drugs are involved, by the officer who destroys them.

> I-a.  The circuit court having jurisdiction over a misdemeanor or violation controlled drug offense may order such controlled drugs forfeited and destroyed upon written motion.  Such order shall not be entered until after the period for appeal of the offense has expired.

> I-b.  The circuit court shall require the same record and reporting of the officer who is destroying the controlled drugs as is required under paragraph I for the superior court, with the exception of notification to the Drug Enforcement Administration.

> I-c.  All unwanted or unused controlled drugs which have come into the custody of a law enforcement officer, pursuant to a pharmaceutical drug take-back program, shall be disposed of in accordance with the disposal requirements for controlled drugs set forth under RSA 318-E.

Nothing in the statute indicates that the legislature intended to provide any remedy to a criminal defendant for the State's failure to obtain a court order prior to destroying a drug that is the subject of a felony prosecution, and we decline to read a remedy into the statute's silence.  See Smith, 154 N.H. at 115.

Nor has the defendant demonstrated how he was prejudiced by the statutory violation in this case.  We have recently held that the State is not required to introduce the subject drug at trial in order to prove its unlawful possession.  State v. Boutin, 168 N.H. ___, ___, 134 A.3d 947, 950-51 (2016).  Here, the record demonstrates that the trial court gave the defendant's proposed jury nullification instruction as a result of the statutory violation.  The record further shows that the defendant was allowed to cross-examine the State's witnesses regarding the statutory violation, and to urge the jury to

2

acquit him on that basis.  Under these circumstances, we agree with the State that the defendant was not prejudiced as a result of the statutory violation and, thus, we conclude that the trial court did not err by declining to fashion an additional remedy for it.  See Martel, 141 N.H. at 603.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**