A. H. R. WHEATLEY v. THE STATE.

No. 14687. Delivered January 20, 1932.

42

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for aggravated assault; punishment, a fine of $25.

The learned trial judge gave to the jury the law of self-defense, and told them that if they found from the evidence that appellant was being attacked by Humphrey (prosecuting witness) with a gun at the time, etc., they should acquit, but he also told them that if they found from the evidence that appellant was the aggressor and provoked the difficulty, then he could not claim the right of self-defense. The last paragraph of this charge was excepted to as infringing appellant's right of self-defense, and upon the further ground that there was no evidence authorizing a charge on provoking the difficulty.. We are of opinion that the exception was well taken.

One provokes a difficulty, as that expression is used in our criminal practice, when, in order to have pretext or apparent excuse for killing or injuring another, he does some act or uses some words intended or calculated to bring on a difficulty, in which he may appear to have acted in self-defense; but when, as in the case before us, the only question is,—who began the difficulty,—or who made the first attack, it is error to charge on provoking the difficulty. Red v. State, 39 Texas Crim. Rep., 424, 46 S. W., 408; White v. State, 42 Texas Crim. Rep., 570, 62 S. W., 575; Pollard v. State, 45 Texas Crim. Rep., 121, 73 S. W., 953; Dugan v. State, 86 Texas Crim. Rep., 130, 216 S. W., 161; Alexander v. State, 95 Texas Crim. Rep., 497, 255 S. W., 408; Frazier v. State, 100 Texas Crim. Rep., 157, 272 S. W., 454. Appellant and his wife swore that they saw Humphrey tearing down a fence which appellant had erected, and that appellant put his pistol in his pocket and started to where Humphrey was, and that when he got within seventy-five or

one hundred yards, Humphrey raised his shot gun as if to shoot,—and that appellant drew his pistol and shot, both weapons being fired at the same time. Appellant was on his own land at the time, and after firing again he returned to his house. Humphrey and his wife swore that Humphrey took his shot gun loaded with buck shot as they went down to where they had seen appellant removing posts from an old fence and throwing them over into Humphrey's enclosure, and when they got to the place appellant was gone. They said they found that appellant had built a fence on their land, and that Humphrey began to pull up the posts of this fence. While so engaged they saw and heard appellant coming from his house, and when some seventy-five or one hundred yards away they claim that appellant fired at them, and that Humphrey picked up his shot gun and fired at appellant. They said thereafter appellant fired his pistol again and it refused to work further and he went back home. Humphrey said he fired at appellant several times "as he ran".

We find nothing in this record in any way suggesting that appellant fired at Humphrey in order to provoke the latter to attack him so that he might use such attack as a pretext to kill or hurt Humphrey. There is no question but that the charge given was an undue restriction of appellant's right of self-defense, and we are of opinion that there was no evidence warranting the giving of such charge.

For the error mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*