Hillsborough
No. 79-213

THE STATE OF NEW HAMPSHIRE

v.

BILLY C. GORHAM

March 5, 1980

*Thomas D. Rath*, attorney general (*Richard B. McNamara*, assistant attorney general, by brief and *David L. Harrigan*, assistant attorney general, orally), for the State.

*James E. Duggan*, of Manchester (*Paul H. Lawrence* orally), for the defendant.

DOUGLAS, J. The principal issue in this murder case is whether the trial court's jury instruction concerning self-defense was reversible error. We hold that it was not.

In the early morning hours of February 24, 1978, Robert Bell and the defendant, Billy Gorham, were driving along Ahern Street in Manchester in Mr. Bell's car. In front of 19 Ahern Street, two parallel parked cars blocked their path. William Peters was the driver of one

of the cars; the decedent, Emile Voisine, Jr., drove the other. Both cars were occupied by several youths, most of whom had been drinking. Although the evidence is not clear, it appears that Mr. Bell stopped, honked his horn, then left his car and began a discussion with Mr. Peters. Shortly thereafter, either in response to Mr. Bell's request or on his own accord, the defendant produced a pistol. He fired four or five shots into the air. Several of those present, including Mr. Voisine, converged on the defendant. It is unclear whether they intended to injure or merely disarm him. The defendant began shooting at the ground. As Mr. Voisine, one of those closest to the defendant, lunged at him, the defendant raised his pistol and fatally wounded Mr. Voisine.

Billy Gorham was indicted by the Hillsborough County Grand Jury and charged with second-degree murder, RSA 630:1-b, and possession of a handgun by a convicted felon, RSA 159:3. A jury found him guilty of both charges. The defendant seasonably excepted to certain portions of the court's charge and to the court's failure to charge as requested. The Trial Court (*Loughlin*, J.) reserved and transferred all exceptions to this court.

■ ■ The defendant's first argument is that the court's self-defense instruction was inadequate as a matter of law. The court charged the jury by reading the relevant portions of RSA 627:4:

> A person is justified in using deadly force against another person when he *reasonably believes* that such other person is about to use unlawful, deadly force against the actor or a third person. By actor we mean defendant.

> A person is not justified in using deadly force on another to defend himself or a third person from deadly force by the other if he knows that he and the third person can, with complete safety, retreat from the encounter except that he is not required to retreat if he is in his dwelling and was not the initial aggressor, nor is the use of deadly force justifiable when, with the purpose of causing damage or serious bodily harm, the actor has provoked the use of force against himself in the same encounter.

(Emphasis added.) It is argued that the phrase "reasonably believes" was insufficient to inform the jury that the defendant need not have been confronted with actual deadly peril, as long as he could reasonably believe the danger to be real. We agree with the defendant's exposition of self-defense law, *Aldrich v. Wright*, 53 N.H. 398, 405 (1873), and add that if a person unreasonably, though

honestly, believes himself in mortal danger, he loses the defense. W. LaFave & A. Scott, Criminal Law § 53 (1972). We disagree, however, with the defendant's contention that the trial court's failure to explain the concept of reasonable belief left the jury with the impression that the defendant, to establish his defense, must have been in the presence of actual deadly force. We note that if the phrase relating to reasonable belief had been deleted from the instruction, the defendant's fears would be well founded. In the form in which it was given, however, the charge adequately informed the jury that actual danger was not necessary to support self-defense.

 The defendant next argues that the second portion of the self-defense charge was fatally defective because the court did not explain whether a defendant's use of mere words to provoke the use of deadly force against himself is sufficient to destroy his defense. This argument has no merit. We observe that the charge, and the statute from which it was taken, RSA 627:4 III(c), use the word "provoke." In all the dictionaries we have consulted, and in those cases that have considered the matter, *see, e.g., Wheatley v. State*, 119 Tex. Cr. R. 41, 45 S.W.2d 590 (1932), the term "provoke" connotes speech as well as action. In the present case, if the jury concluded after the court's instruction that a defendant's use of words alone to bring about a fight in which he intended at the outset to kill his opponent was sufficient to destroy his legal defense, they were correct. *State v. Graves*, 352 Mo. 1102, 182 S.W.2d 46 (1944).

After the self-defense instruction, the court charged the jury as follows:

> This also brings us to another legal tenet of law and that is defined as competing harms, conduct which the actor—and again actor means defendant—believes to be necessary to avoid harm to himself or another, is justifiable. If the desirability and urgency of avoiding such harm outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the statute defining the offense charged, the desirability and urgency of such conduct may not rest upon consideration pertaining to the morality and advisability of such statute either in its general or particular application. When the actor or defendant was reckless or negligent in bringing about the circumstances requiring a choice of harms or in appraising the necessity of his conduct, the justification provided in paragraph one, which I just read to you, does not apply in a prosecution for any offense for which recklessness or

negligence, as the case may be, suffice to establish criminal liability.

*See* RSA 627:3. The defendant argues that this instruction should never have been given because by its own terms it does not apply to cases in which recklessness is an element. We do not see the merit of this argument. First, there is no showing that the defendant was prejudiced by the instruction. Second, the court instructed the jury concerning manslaughter, RSA 630:2, a crime of which recklessness is not necessarily an element. RSA 630:2(a). Had the jury found the defendant guilty of manslaughter, they conceivably could have applied the competing harms doctrine.

The defendant also cites as error the court's failure to give requested instructions. We have already stated that the court's charge, as given, adequately stated the statutory law. Under such circumstances, the court has no obligation to use specific language requested by a party although it is free to do so. *Kennedy v. Ricker*, 119 N.H. 827, 409 A.2d 778 (1979).

Finally, the defendant excepted to the court's statement to the jury that there were five possible verdicts rather than six. Although the parties agree that six was the proper number, we read the court's jury charge as a whole, *Kennedy v. Ricker supra,* and conclude that the court's careful discussion of possible verdicts adequately apprised the jury of its many options.

*Exceptions overruled.*

All concurred.