Belknap
No. 84-244

THE STATE OF NEW HAMPSHIRE

v.

MICHAEL HOLT

April 18, 1985

*Gregory H. Smith*, attorney general (*Robert B. Muh*, attorney, on the brief), by brief for the State.

*James E. Duggan*, appellate defender, of Concord, by brief for the defendant.

KING, C.J.   The defendant, Michael Holt, was convicted in Superior Court (*Dickson*, J.) under RSA 159:3 (Supp. 1983), which prohibits ownership or possession of "a pistol, revolver, or any other firearm . . ." by a convicted felon. Having raised the defense of justification at trial, the defendant argues on appeal that his conviction should be reversed due to the insufficiency of the State's evidence to prove that his use and possession of a revolver was not justified under RSA 627:4, II(d) (Supp. 1983). *See* RSA 625:11 (absence of justification is an element of the offense). We disagree, and therefore affirm the conviction.

In examining the sufficiency of the evidence, we ·will view the evidence in the light most favorable to the State. *State v. Cobb*, 123 N.H. 536, 465 A.2d 1203 (1983). The material facts established at trial are as follows. On August 17, 1983, at approximately 7:15 p.m., David Arbogast and John Snow rode a motorcycle in front of the house in which the defendant was living. Snow had previously sold the house to Arbogast's mother, in October of 1982, without disclosing that the house was then occupied by the defendant's family. Since March of 1983, the Arbogasts had made repeated requests to the Holts to vacate the house, to no avail. Arbogast frequently drove past the house to see if it had been vacated, and on this particular day he was acting on information that it had.

When Snow and Arbogast stopped their motorcycle in front of the house on August 17, the defendant appeared on the porch with two

other men. The defendant held a .22 caliber pistol and one of the other men had a shotgun. One of the three shouted a threat, and Arbogast "nudged" Snow to keep going. As the motorcycle moved away from the house, the defendant fired several shots into the air. Arbogast turned to look back at the house and was hit by pellets from a single shot from the shotgun. The defendant was subsequently arrested, and upon discovery of a prior felony conviction, was charged with the offense of which he now stands convicted.

During the several altercations that preceded the incident on August 17, threats were exchanged between the defendant and Arbogast. On August 14, police had been called to the Holt residence when the Arbogasts attempted to move furniture into the house. Each party alleged at that time that the other had a gun, but the police recovered only one, a shotgun, from the defendant's wife.

On August 15, police had been called to the Holt residence in response to Holt's allegation that Arbogast had been riding by the house and was up the road approximately 100 feet, across the street. At that time Holt informed the officer that "he was going to protect his family and his property and would shoot a person if he had to." In addition, the Holts experienced harassing phone calls, vandalism to an automobile, and a broken window which resulted from a rock being thrown at the house. However, there had been complaints of vandalism at the Holt residence prior to the Arbogasts moving to the area in August of 1983.

On August 17, the day of the incident, the defendant requested police protection. The reporting officer testified that the defendant's request was denied, explaining that only one officer was on duty that day. The officer noted that the defendant said he was being harassed but did not "point out any specific event that was going to occur that would have justified" police presence.

The defendant was convicted under RSA 159:3, which provides that "[n]o person who has been convicted in this or any other state of a felony against the person or property of another . . . shall own or have in his possession or under his control a pistol, revolver, or any other firearm . . . ."

At trial the defense admitted possession, but sought to prove justification under RSA 627:4, II(d) (Supp. 1983), which provides that "[a] person is justified in using deadly force upon another person when he reasonably believes that such other person . . . [i]s likely to use any unlawful force in the commission of a felony against the actor within such actor's dwelling or its curtilage." This provision relating to the defense of premises was adopted in 1981, see Laws 1981, 347:1, for the express purpose of providing "a protective statute for homeowners attacked in their dwellings by persons to com-

mit murder, robbery, burglary, rape, or arson." N.H.S. JOUR. 471–72 (1981).

■ Assuming *arguendo* that a convicted felon may have the right in some circumstances to possess a weapon in the defense of his premises, the issue before us is whether the circumstances in this case caused the defendant to have the reasonable belief that Arbogast was "likely to use unlawful force in the commission of a felony" against him. RSA 627:4, II(d) (Supp. 1983). A belief which is unreasonable, even though honest, will not support the defense. *State v. Gorham*, 120 N.H. 162, 163–64, 412 A.2d 1017, 1019 (1980).

■ In arguing that the evidence is insufficient, the defendant focuses entirely on the language "likely to use unlawful force," RSA 627:4, II(d) (Supp. 1983), and disregards the language following that phrase, "in the commission of a felony." The evidence supports the conclusion that Arbogast and Snow were not intending to engage in felonious conduct. There is conflicting evidence regarding their purpose in being present at the defendant's house, but it is the jury's function to weigh conflicting evidence. *State v. McGann*, 122 N.H. 542, 447 A.2d 128 (1982). Two witnesses testified that the two men possessed no means of committing a felony.

Although the record indicates a situation which was emotionally charged, it also contains evidence which, if believed by the jury, would prove that no justification existed for using deadly force in this instance. The evidence establishes only that the defendant was irate because of the harassment to which he felt he had been subjected and that, rather than attempting to defend himself, he fired several shots into the air in order to intimidate Arbogast and Snow.

■ We conclude, based on the foregoing, that the evidence was sufficient to prove an absence of justification under RSA 627:4, II(d) (Supp. 1983) and that the jury's verdict of guilty is supported by the evidence. *See State v. Sadvari*, 123 N.H. 410, 462 A.2d 102 (1983). We do not reach the question of whether the right to possess a weapon in defense of premises would be available to a convicted felon under very limited, exigent circumstances. *See People v. King*, 148 Cal. Rptr. 409, 582 P.2d 1000 (1978). Since no general right to the defense arose under the facts of this case, there could be no limited right to the defense. Accordingly, we affirm the conviction.

*Affirmed.*

All concurred.