THE STATE OF NEW HAMPSHIRE

v.

REUBEN HORNE

November 10, 1992

*John P. Arnold*, attorney general (*Brian R. Graf*, assistant attorney general, on the brief), by brief for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief for the defendant.

## MEMORANDUM OPINION

BROCK, C.J. The defendant, Reuben Horne, was convicted of four counts of the sale of marijuana and one count of the possession of marijuana with the intent to sell, RSA 318-B:2, I (Supp. 1991), after a bench trial in the Superior Court (*DiClerico*, J.). On appeal, the defendant argues that the trial court erred by not suppressing certain conversations that were transmitted by a bodywire on an undercover State trooper but not simultaneously tape-recorded. Because we conclude that this issue was not raised below, we affirm.

The defendant met with an undercover State Police trooper in Bellows Falls, Vermont, in March 1990, to discuss a marijuana transaction. The State trooper wore a bodywire that allowed other law enforcement personnel to monitor the defendant's conversations. Prior to trial, the defendant moved to dismiss all five of the indictments against him. He argued that the State failed to preserve relevant and material evidence when it failed to tape-record the transmitted conversations as purportedly required by RSA 570-A:9. The trial court denied the defendant's motion to dismiss.

On appeal, the defendant now seeks relief solely on the ground that the trial court erred by not suppressing the transmitted conversations. The State contends that this issue was not properly pre-

served for appeal because the defendant did not seek to suppress the conversations below. We agree.

■ It is well established that we will not consider issues raised on appeal that were not presented in the lower court. *State v. Kiewert*, 135 N.H. 338, 348, 605 A.2d 1031, 1037 (1992); *State v. Nutter*, 135 N.H. 162, 164, 600 A.2d 139, 140 (1991). In the proceedings below, the defendant's objection to the conversations was in the form of a motion to dismiss all five indictments. He never moved to have the conversations suppressed, nor did he object to their use at trial. Although the defendant's requests for dismissal and suppression are based on the same assertion that the conversations should have been tape-recorded, they seek substantially different forms of relief which require different types of analysis. In moving to dismiss all five indictments, the defendant argued that the State's failure to tape-record the conversations was tantamount to a failure to preserve relevant and material evidence. On appeal, he seeks only the more modest remedy of suppression, which, if granted, would presumably affect the evidence presented on only one of the five counts. Because the remedies of dismissal and suppression are so distinct in this case, requesting one below does not preserve the other for appeal.

■ In addition to not preserving the suppression issue for appeal, the defendant also failed to raise this issue in his notice of appeal. We therefore conclude that the suppression issue is not properly before the court. SUP. CT. R. 16(3)(b); *State v. Hurlburt*, 135 N.H. 143, 148, 603 A.2d 493, 496 (1991), *cert. denied*, — U.S. —, 112 S. Ct. 1770 (1992).

*Affirmed.*

All concurred.