Merrimack
92-090

THE STATE OF NEW HAMPSHIRE

v.

DANIEL LEAF

April 16, 1993

*John P. Arnold*, attorney general (*William H. Lyons*, senior assistant attorney general, on the brief and orally), for the State.

*Timothy M. Landry*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

BATCHELDER, J.    After a jury trial in Superior Court (*Manias*, J.), the defendant, Daniel Leaf, was convicted of second degree assault on an indictment charging him with having caused bodily injury in the form of multiple bruises to his stepson by striking his back, buttocks and thighs with a belt. The sole issue raised by the defendant in this appeal is the sufficiency of the evidence to convict. We affirm.

The victim was ten years old at the time of the offense. The indictment asserted a violation of RSA 631:2, IV (1986), which provides: "A person is guilty of a class B felony if he: [p]urposely or knowingly causes bodily injury to a child under 13 years of age." The defendant raised a justification defense pursuant to RSA 627:6 (1986), which provides in relevant part:

"I. A parent, guardian or other person responsible for the general care and welfare of a minor is justified in using force

against such minor when and to the extent that he reasonably believes it necessary to prevent or punish such minor's misconduct.

. . .

IV. The justification . . . does not apply to the malicious or reckless use of force that creates a risk of death, serious bodily injury, or substantial pain."

The defendant poses the following question for our consideration: "Did the State prove beyond a reasonable doubt that the defendant was not justified in using force against his stepson where the defendant spanked his stepson approximately ten times with a leather belt because he did not do his chores?" As this is a question of sufficiency of the evidence, a brief statement of the facts adduced at trial follows.

The victim and his sister were assigned the usual chores in the family household. On March 19, 1991, while preparing dinner, the defendant discovered that his stepson had hidden, over a three-week period, a quantity of household dishes which he should have washed. The dishes were stored in a toybox. The defendant was of a mind to discipline his stepson as a lesson that completing one's work assignments, in this case washing the dishes, was an important undertaking in life, and a trait that should be honored and instilled. The punishment administered was a spanking by use of a leather belt. The child was ordered to get the belt, hand it to his stepfather, and bend over. The defendant testified that, although he intended only to strike three blows, he in fact struck about ten times because the child moved as he was being struck. According to the boy, the beating was painful; his sister testified that she could hear him crying from the next room. As a result of events not apparent in the record of the trial, the victim was interviewed at school by an officer of the Youth Services Division of the Concord Police Department, resulting in a police report, examination by a nurse, and a series of color photographs demonstrating the extent of the bruises on the child's legs, buttocks and back. The photographs were entered as exhibits at trial.

When we review the sufficiency of the evidence, we view the evidence at trial in the light most favorable to the State, *State v. Hunter*, 132 N.H. 556, 561, 567 A.2d 564, 567 (1989), asking whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *State v. Stauff*, 126 N.H. 186, 189, 489 A.2d 140, 142 (1985). The defendant argued that his actions were justified,

and his testimony, arguably, placed some evidence in this regard before the jury. The trial court properly instructed the jury that the burden is on the State to prove beyond a reasonable doubt that the defendant was not justified in his actions.

■ For the defendant's use of force to have been justified, he must have reasonably believed it necessary to prevent or punish his stepson's misconduct. RSA 627:6, I. The operative word is "reasonable," which is determined by an objective standard. A belief which is unreasonable, even though honest, will not support the defense. *See State v. Holt*, 126 N.H. 394, 397, 493 A.2d 483, 484-85 (1985) (construing comparable language in self-defense statute, RSA 627:4, II(d)). In other words, it is not enough for the defendant to say, "I believed it reasonably necessary to use the force I used"; it is for the jury to determine whether the belief, even though honest, was in fact reasonable under all the circumstances.

■ The evidence established that, for the misconduct of failing to clean dishes, the child was beaten at least ten times with a leather belt, causing him to cry and ask that the beating stop. Photographs taken three days later showed multiple bruises, an inch wide, one of which was on the child's inner thigh near his genitals. From the defendant's own admission that he had intended at the outset to strike the child only three times, the jury was warranted in concluding that the defendant himself did not reasonably believe that the force used was necessary. Viewing the evidence in the light most favorable to the State, we conclude that a rational jury could have found beyond a reasonable doubt that the defendant's use of force was excessive, unreasonable, and not justified under the statute.

*Affirmed.*

All concurred.