Hillsborough
No. 91-588

THE STATE OF NEW HAMPSHIRE

v.

VINCENT GIORDANO

December 21, 1993

*Jeffrey R. Howard*, attorney general (*Diane M. Nicolosi*, assistant attorney general, on the brief, and *Amy Vorenberg*, assistant attorney general, orally), for the State.

*Murphy, McLaughlin, Hemeon & Lahey*, of Laconia (*Philip T. McLaughlin* and *Janice L. McLaughlin* on the brief, and *Mr. McLaughlin* orally), for the defendant.

THAYER, J.   On June 8, 1989, the defendant, Vincent Giordano, was convicted in Superior Court (*Pappagianis*, J.) of one count of burglary contrary to RSA 635:1 (1986 & Supp. 1992). He was sentenced on December 20, 1991, to an extended term of ten to thirty years imprisonment. He argues on appeal that the trial court erred: (1) by delaying his sentencing; (2) by denying his motion to dismiss based on the State's alleged violation of the trial court's sequestration order; (3) by denying his motion for a mistrial following an improper comment by the prosecutor during closing argument; and (4) by denying his motion to dismiss due to the loss of relevant, material, and exculpatory evidence taken by the State at the scene of the crime. For the reasons set forth below, we affirm.

On December 3, 1987, police officers responded to a report of loud noises in the vicinity of the Brayco International Corporation (Brayco) office building in Manchester. A search dog located the defendant hiding in the building, and he was arrested. A later search of the building revealed the following: general ransacking on the upper floors; on the first floor a suitcase containing such tools as a drill, drill bits, jigsaw blades, and chisels, and other suitcases containing numerous items from various places in the building; and damage to several doors, including a pried-open plywood door on the first floor, pry marks on the door to the second floor, and drill holes in the door to the third floor consistent with the drill found on the first floor. Brayco's manager told the police that the damage to the second-floor

door had occurred in a prior break-in. A search of the defendant revealed both drill bits and saber saw blades in one of his pockets. The defendant was subsequently convicted.

■ The defendant first argues that the case should be dismissed because the trial court denied his State constitutional right to a speedy trial by allowing a thirty-one month delay between his conviction and sentencing. Although the defendant raised the issue of delayed sentencing below on three occasions, at no time did he seek dismissal on that ground below. He has thus waived his right to appeal on the issue of whether the case should have been dismissed. *State v. Horne*, 136 N.H. 348, 349, 615 A.2d 1251, 1252 (1992); *State v. Dayutis*, 127 N.H. 101, 104, 498 A.2d 325, 328 (1985).

The defendant next contends that the trial court abused its discretion and violated his State and federal constitutional rights to a fair trial in refusing to dismiss the complaint or to strike the testimony of certain police officers who had allegedly violated the trial court's sequestration order. In a pretrial motion, the defendant requested that all witnesses be sequestered during "the testimony of all other witnesses and further that they be so sequestered during opening statements by both sides." The trial court granted this motion. Before trial began, several police officers scheduled to testify at trial discussed the facts of the case. The defendant moved to dismiss the case, arguing that the officers had violated the order by their discussion. The trial court found that its order had not been violated and denied the motion.

■ Because the defendant did not frame an argument in constitutional terms below, he cannot do so now. *State v. Stratton*, 132 N.H. 451, 456, 567 A.2d 986, 989–90 (1989). We will address only the defendant's contention that the trial court abused its discretion in denying the motion.

■■ The trial court that issued the order is in the best position to determine whether its order has been violated. *See State v. Sands*, 123 N.H. 570, 597, 467 A.2d 202, 219 (1983). The question presented to the trial court involved only whether the express terms of the sequestration order were violated. The trial court reviewed the order to verify that it required sequestration only during the trial and denied the motion. We find no abuse of discretion by the trial court in denying the motion to dismiss.

The defendant next argues that the prosecutor's reference to the defendant as a "junkie" in closing argument, in violation of the trial court's ruling that the subject of drug addiction could not be inquired into, was so prejudicial as to require a mistrial. We disagree.

■ Mistrial is the proper remedy only if the evidence or comment complained of was not merely improper, but also so prejudicial that it constitutes an "irreparable injustice that cannot be cured by jury instructions." *State v. Lemire*, 130 N.H. 552, 554, 543 A.2d 425, 426 (1988). A trial court's denial of a mistrial will not be overturned absent an abuse of discretion, *State v. Hunter*, 132 N.H. 556, 561, 567 A.2d 564, 568 (1989), due to the trial court's unique ability to gauge the reaction of the jury to any potentially prejudicial information, *State v. Ellison*, 135 N.H. 1, 4, 599 A.2d 477, 480 (1991); *Lemire*, 130 N.H. at 555, 543 A.2d at 427.

■■ Upon defense counsel's objection to the prosecutor's comment, the trial judge immediately instructed the jury that there was no evidence that the defendant was a junkie, and that they should "ignore [the statement] in reaching whatever verdict you reach." We assume that the trial court's instructions are followed by the jury. *State v. Novosel*, 120 N.H. 176, 186, 412 A.2d 739, 746 (1980). Moreover, the jury had already been made aware of the defendant's proclivity to abuse drugs through an extensive colloquy about drug use during cross-examination. The prosecutor's comment regarding drug use did not give to the jury any substantially material information, and thus was not prejudicial to the defendant. *See State v. Drew*, 137 N.H. 644, 648–49, 633 A.2d 108, 110–11 (1993).

The defendant lastly contends that the State's admitted loss of twelve photographs taken at the scene of the burglary denied him due process of law under both State and Federal Constitutions. We will consider the State claim first. *State v. Ball*, 124 N.H. 226, 231, 471 A.2d 347, 350 (1983).

■ The following standard applies for determining whether the State's loss or destruction of evidence has violated a defendant's right to due process:

"[O]nce a defendant demonstrates that the State has lost or destroyed apparently relevant evidence, the State has the burden to demonstrate that it acted both with good faith, in the sense that it was free of any intent to prejudice the defendant, and without culpable negligence. If the State carries that burden, the defendant may not claim any relief unless he demonstrates that the lost evidence was material, to the degree that its introduction would probably have led to a verdict of not guilty, and that its loss prejudiced him by precluding the introduction of evidence that would probably have led to a verdict in his favor."

*State v. Murray*, 129 N.H. 645, 648, 531 A.2d 323, 325 (1987) (citations omitted).

The defendant does not argue that the State had any bad motive in misplacing the photographs, and the trial court found that the State acted in good faith, which ruling is amply supported by the record. Instead, the defendant argues that the State was culpably negligent in losing the photographs, and that, as a matter of law, culpable negligence eliminates the defendant's need to show prejudice from the loss. We have not decided that issue and need not address it here because we find that the State was not culpably negligent in the loss of the photographs.

■ Culpable negligence is something more than ordinary negligence, mere neglect, or the failure to use ordinary care — it is negligence that is censorious, faulty or blamable. *State v. Reynolds*, 131 N.H. 291, 294, 556 A.2d 298, 299 (1988). In *State v. Baillargeon*, 127 N.H. 782, 784, 508 A.2d 1051, 1053 (1986), we held that the unexplained loss of a CAT scan report did not constitute such negligence on the part of the State. Similarly, in *State v. Smagula*, 133 N.H. 600, 604, 578 A.2d 1215, 1217 (1990), we held that though the police detective should have recorded the numbers of the precise photographs used in an unsuccessful photographic line-up, the failure to do so did not constitute culpable negligence.

■ Here, the police officer who took the photographs had them developed and delivered to the evidence room at the Manchester Police Department. In response to a call from the defense attorney several months later, he searched unsuccessfully for the photographs over a two-month period. While we believe that the unexplained loss of the photographs shows some negligence on the part of the police department, we do not find that it reaches the level of culpable negligence.

■ To obtain relief, the defendant must thus show materiality and prejudice. *Smagula*, 133 N.H. at 603, 578 A.2d at 1217. We do not find it necessary to address materiality here because the defendant cannot prevail absent his ability to show prejudice in the loss of the photographs, *see id.*, which were merely cumulative of other evidence presented to the jury. The crucial point in evaluating the prejudice suffered by a defendant is whether the loss of the physical evidence eliminates whatever exculpatory value this evidence might have had. *Dukette*, 127 N.H. at 545, 506 A.2d at 706 (defendant not prejudiced because testimony was available to show same facts as would have been shown by the lost evidence). Here, as in *Dukette*,

other evidence provided the same facts that the photographs would have offered, and thus their loss could not have affected the verdict unfavorably to the defendant. *Id.*; *Baillargeon*, 127 N.H. at 785, 508 A.2d at 1054.

The defendant contends that ten of the photographs, which depicted the suitcases and their contents, would have shown to the jury that a large amount of items were present on the first floor, and would thus have supported his argument that he could not have moved these items in a short amount of time. However, the testimony of the police officers unequivocally established that there were several large suitcases on the first floor, and that they were filled with numerous items. Testimony showed that at least one of the cases appeared to be full of tennis shoes, which would have been consistent with the defendant's argument that the cases were not used for burglary but rather were sample cases used by the company and left on the first floor for some unknown reason. Further, a complete inventory of the items found in the suitcases was put into evidence, as were one of the actual suitcases and a substitute of another so that the jury could see their size first hand.

The defendant also contends that the remaining two photographs, which depicted the drill holes in the third-floor door, would have helped to clarify the discrepancy concerning the location of his arrest. There was ample testimony, however, regarding the drill holes found in the third-floor door. The jury was thus presented with the same evidence of the contents of the suitcases and of the drilled holes in the third-floor door as would have been available through the photographs.

■ Finally, the defendant's unsubstantiated claim that the photographs might have been useful during cross-examination is unavailing. More than mere speculation as to the exculpatory value or the prejudice caused by the loss of evidence is necessary to constitute a due process violation. *Murray*, 129 N.H. at 650, 531 A.2d at 326; *Dukette*, 127 N.H. at 547–48, 506 A.2d at 706; *Baillargeon*, 127 N.H. at 785, 508 A.2d at 1054. We conclude that there was no prejudice to the defendant, and therefore that the trial court did not err in refusing to dismiss the case on this ground. Since we have determined that the Federal Constitution provides no more protection than is afforded under our State Constitution on this issue, we need not address the federal claim. *Murray*, 129 N.H. at 650, 531 A.2d at 326–27; *see United States v. Picariello*, 568 F.2d 222 (1st Cir. 1978).

*Affirmed.*

All concurred.