Grafton
No. 95-863

## THE STATE OF NEW HAMPSHIRE

v.

## ALEXANDER R. COLE

December 30, 1997

*Jeffrey R. Howard,* attorney general (*Richard J. Lehmann,* attorney, on the brief and orally), for the State.

*James E. Duggan,* chief appellate defender, of Concord, by brief and orally, for the defendant.

*Alexander R. Cole,* by brief, *pro se.*

JOHNSON, J. The defendant, Alexander R. Cole, was convicted of one count of felonious sexual assault, *see* RSA 632-A:3, III (1996), and sentenced to an extended term of imprisonment pursuant to RSA 651:6, II(d) (1996). On appeal, he argues that the Superior Court (*Smith,* J.) erred in refusing to rule on the admissibility of two prior convictions for impeachment purposes, *see* N.H. R. EV. 609, before the defendant had decided whether to testify, and that the State failed to prove all material elements of the felonious sexual assault charge. The defendant also argues, and the State concedes, that it was improper for the court to sentence him under RSA 651:6, II(d), where his two prior offenses were court martial convictions. We affirm the defendant's conviction but vacate and remand for a new sentence.

The following facts were adduced at trial. In February 1995, the eleven-year-old victim was walking home from a dance at the Carter Community Building in Lebanon when a man wearing a green jacket began following him. The man then walked in front of the victim and proceeded to expose his genitals to the victim. The victim testified that as he tried to run past the man, the man blocked his way and the victim was knocked down. The victim testified that during the incident, the man grabbed the victim's penis. The defendant was subsequently arrested and convicted of one count of felonious sexual assault. During sentencing, the superior court considered the defendant's two prior court martial convictions in imposing an enhanced sentence of twenty to forty years. This appeal followed.

The defendant first argues that the trial court erred in refusing to rule on the admissibility of prior convictions before he decided whether to testify. Before trial, the State moved *in limine* to introduce two prior court martial convictions, one for sodomy and the other for indecent exposure, as impeachment evidence pursuant to New Hampshire Rule of Evidence 609. In chambers, the trial court noted that the State's motion was "a relatively poor attempt to get around [Rule] 404(b)." The State nonetheless argued that these convictions were relevant to the issue of credibility because the

defendant had told police that he had been honorably discharged from the Army. In response, the court reiterated its belief that the State's motion was "an attempt to get around 404(b)." Additionally, the State argued that it should be able to question the defendant about whether he was attracted to young boys and, if the defendant denied such attraction, about the two convictions. The court refused to rule before the defendant had decided whether to take the stand, reasoning that it was unable to rule "in a vacuum" and that "it may be moot in any event."

On appeal, the defendant argues that the court's refusal to rule violated his constitutional right to testify in his own defense. *Compare Apodaca v. People*, 712 P.2d 467, 472-73 (Colo. 1985) (refusal to rule impermissibly burdens defendant's due process right to testify in his own defense) *with United States v. Masters*, 840 F.2d 587, 590-91 (8th Cir. 1988) (no constitutional entitlement to ruling even if refusal inhibits defendant from testifying on his own behalf). We will not engage in a constitutional analysis, however, because counsel did not raise a constitutional basis for his objection at trial. *State v. Weeks*, 140 N.H. 463, 467, 667 A.2d 1032, 1035 (1995).

The defendant concedes that "defense counsel did not expressly invoke the defendant's right to testify in his objection," because he argued only that "tactically I need to know in advance how the Court's going to rule on this issue before I proceed." The defendant argues that the constitutional issue was preserved nonetheless because the "judge's response indicates he understood that the defense wanted a ruling so the defendant could decide whether he should testify." The purpose of our preservation requirement is to ensure that the trial court is made aware of the substance of the objection and thus given an opportunity to correct the error, *see, e.g., State v. Ryan*, 135 N.H. 587, 589, 607 A.2d 954, 955 (1992), and to discourage "parties unhappy with the trial result [from combing] the record, endeavoring to find some alleged error never addressed by the trial judge that could be used to set aside the verdict," *State v. Menard*, 133 N.H. 708, 710, 584 A.2d 752, 754 (1990).

The exchange between counsel and the trial judge was sufficient to preserve the *issue* of whether the trial judge erred in refusing to rule, but not the *constitutional component* of the objection, because the constitutional implications of the trial court's decision were not made clear to the trial judge. *See State v. Giordano*, 138 N.H. 90, 93, 635 A.2d 482, 483 (1993) (because "defendant did not frame an argument in constitutional terms below," he cannot do so on appeal). Counsel's objection was made

pretrial, and as such, the range of tactical decisions affected by the court's ruling was not limited to whether the defendant was going to testify. *Cf. State v. McClure*, 692 P.2d 579, 583 (Or. 1984) (reciting number of tactical decisions influenced by ruling on admissibility). Accordingly, because "the constitutional dimension of the defendant's argument was not called to the trial court's attention," *State v. Plante*, 134 N.H. 456, 459, 594 A.2d 1279, 1282 (1991), we review the court's refusal to make a pretrial ruling on the admissibility of the defendant's prior court martial convictions for an abuse of discretion only. *See Giordano*, 138 N.H. at 93, 635 A.2d at 483.

■ To show an abuse of discretion, the defendant must show that "the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case." *State v. Gooden*, 133 N.H. 674, 677, 582 A.2d 607, 609 (1990) (quotation omitted). A number of courts have declared, and we concur, that, although not absolutely required, trial courts should rule on the admissibility of prior convictions as impeachment evidence as early as practicable. *See, e.g., United States v. Oakes*, 565 F.2d 170, 171 (1st Cir. 1977); *Johnson v. State*, 666 So. 2d 499, 502 (Miss. 1995); *cf. State v. Staples*, 120 N.H. 278, 285, 415 A.2d 320, 324 (1980) (decided under prior law) (expressing preference for defense counsel to challenge admissibility of impeachment evidence pretrial). Courts have been reluctant, however, to find an abuse of discretion where the trial court has refused to issue a ruling pretrial, *see, e.g., United States v. Witschner*, 624 F.2d 840, 844 (8th Cir.), *cert. denied*, 449 U.S. 994 (1980), even where refusal to rule might discourage the defendant from testifying, *Masters*, 840 F.2d at 590. Trial courts have no inherent "duty to aid the defendant in formulating his trial strategy regarding the risks of impeachment should he decide to take the stand." *Witschner*, 624 F.2d at 844. Furthermore, it is not "practicable for an appellate court to launch itself into the business of second-guessing trial judges on a matter so intimately bound up with the conduct of trial, given the myriad individual circumstances and considerations that will affect different cases." *Oakes*, 565 F.2d at 173. Accordingly, we agree with those courts that find reversible error only where there has been "a clear abuse of discretion." *Masters*, 840 F.2d at 591.

■ In this case, the defendant failed to demonstrate that the trial court's refusal to rule was clearly unreasonable to the prejudice of his case. Defense counsel, in his objection, made no argument against admissibility and gave no indication of the potential prejudice to his case. *Cf.* N.H. R. EV. 609(a) (court may admit certain evidence of prior crimes if probative value outweighs prejudice to

the defendant). Counsel merely stated in general terms that "tactically I need to know in advance how the court's going to rule." We find that because the defendant's objection was vague at best, the trial court did not act unreasonably in postponing its decision to rule. As such, "[a]n advance ruling would have required speculation the trial court was not required to undertake." *United States v. Kennedy*, 714 F.2d 968, 975 (9th Cir. 1983), *cert. denied*, 465 U.S. 1034 (1984). Similarly, we can only speculate about the nature and content of the defendant's case had the court issued a ruling pretrial and its effect on the entire proceeding. *Cf. Staples*, 120 N.H. at 284, 415 A.2d at 324 (this court "cannot base a finding that the trial court abused its discretion upon mere speculation"). Accordingly, we find no error.

■ The defendant next argues that the State failed to prove the *mens rea* element of the offense of felonious sexual assault, *i.e.*, that the contact involved was done intentionally and "for the purpose of sexual arousal or gratification," RSA 632-A:1, IV (1996). *See* RSA 632-A:3, III. This issue was not preserved for appellate review. At trial, defense counsel argued that the State failed to prove the *actus reus* element, not *mens rea*. Moreover, this issue was not raised in the defendant's notice of appeal. *See State v. Horne*, 136 N.H. 348, 349, 615 A.2d 1251, 1252 (1992).

Finally, the State concedes that it was improper for the trial court to impose an extended sentence under RSA 651:6, II(d). Accordingly, we vacate the defendant's sentence and remand for resentencing.

*Conviction affirmed; sentence vacated; remanded for resentencing.*

All concurred.