Rockingham
No. 99-639

## THE STATE OF NEW HAMPSHIRE

v.

## DAVID BRUCE

September 28, 2001

*Philip T. McLaughlin*, attorney general *(Christopher H.M. Carter*, assistant attorney general, on the brief and orally), for the State.

*Bernard J. Robertson*, of Newmarket, by brief and orally, for the defendant.

DUGGAN, J. The defendant, David Bruce, was indicted for felony criminal mischief for purposely causing over $1,000 worth of damage to the

automobile of William Douglass. *See* RSA 634:2 (1997). After a jury trial in Superior Court (*Coffey*, J.), he was convicted of misdemeanor criminal mischief.

On appeal, the defendant argues that the trial court erred in: (1) not dismissing the charges when it was revealed during the trial that certain photographs of the damaged car had not been turned over to the defense; (2) instructing the jury as to lesser-included offenses; (3) convicting him of a class A, instead of a class B, misdemeanor; and (4) rejecting his argument that the criminal mischief statute is unconstitutionally vague. We affirm.

The following facts were adduced at trial. On December 2, 1998, at 8:30 a.m., William Douglass drove his youngest child to school. Realizing he had left his briefcase at home, Douglass returned home to retrieve it. There, he found an 18-wheel tractor-trailer truck blocking the entrance to his driveway. The truck had been parked there by a paving crew that was working in the neighborhood. Douglass parked his car directly in front of the tractor-trailer truck and entered his house. He was in the house for about ten minutes getting his briefcase and taking an unexpected phone call.

While Douglass was in the house, the defendant, who was in charge of the work crew, told the driver of the tractor-trailer to move the truck. The driver of the truck informed the defendant that Douglass' car was blocking the truck. The defendant became quite upset, "flailing his arms . . . getting quite red in the face and . . . swearing." He then got into a front-end loader and drove it to the back of Douglass' car. There, the defendant used heavy chains to connect the bucket of the loader to the tie rods of Douglass' car. The defendant then used the front-end loader to lift the back of Douglass' car and pull it about eighty feet along the road.

When Douglass emerged from his house, he noticed that his car had been moved and asked the defendant who had moved it. The defendant informed Douglass that he had moved it and directed a few other "choice words" at Douglass. At trial, the State presented evidence that repairing Douglass' car would cost over $1,500.

The first issue raised by the defendant is whether the loss of certain photographs requires dismissal of the indictment. The issue arose when it came to light during trial that eight photographs of the damage to Douglass' car taken by the Auburn Police could not be located. The defendant claims that the loss of this evidence deprived him of exculpatory evidence in violation of the Due Process Clauses of the State and Federal Constitutions.

▇ The State argues that the due process issue was not raised by the defendant below, and therefore was not preserved for appeal. We disagree. The record shows that the defendant specifically argued that exculpatory evidence had been lost and stated that this loss violated his "right to a fair trial." While it is true that defense counsel did not use the term "due process," the fact that counsel specifically used the term "exculpatory evidence" and invoked the right to a fair trial was sufficient to alert the trial judge to the legal basis for his argument. Thus, the issue was adequately preserved for appeal. *See State v. Goding*, 128 N.H. 267, 270 (1986).

When a defendant asserts the protection of the Due Process Clauses of both the New Hampshire and the United States Constitutions, we first examine the State claim. *State v. Ball*, 124 N.H. 226, 232 (1983). Because the Federal Constitution offers no more protection than our State Constitution, we need not conduct a separate federal analysis. *State v. Giordano*, 138 N.H. 90, 96 (1993).

▇ In determining whether the loss of apparently relevant evidence has resulted in a denial of due process,

> the State has the burden to demonstrate that it acted both with good faith, in the sense that it was free of any intent to prejudice the defendant, and without culpable negligence. If the State carries that burden, the defendant may not claim any relief unless he demonstrates that the lost evidence was material, to the degree that its introduction would probably have led to a verdict of not guilty, and that its loss prejudiced him by precluding the introduction of evidence that would probably have led to a verdict in his favor.

*Id.* at 94 (quotation omitted).

▇ As part of pre-trial discovery, the defense obtained police photos of the damaged car and other vehicles at the scene as well as insurance company photos of the car. On the morning of trial the prosecutor learned that there were other photos taken by the police that were not part of the discovery. The Auburn Police Department tried unsuccessfully to locate the photos. After fully exploring the matter, the trial court concluded that the photos had been misfiled. The record supports the trial court's finding. The trial court also found that the actions of the police were not "maliciously motivated." This is essentially a finding that the police acted in good faith, *cf. Catalano v. Town of Windham*, 133 N.H. 504, 508 (1990)

and rebuts any suggestion that the State acted with the intent to prejudice the defendant. In addition, the unexplained loss by the police of photographs may constitute negligence but, without more, does not amount to culpable negligence. *See Giordano*, 138 N.H. at 95 ("Culpable negligence is something more than ordinary negligence, mere neglect, or the failure to use ordinary care — it is negligence that is censorious, faulty or blamable."); *see also State v. Baillargeon*, 127 N.H. 782, 784 (1986) (unexplained loss of CAT scan report does not rise to the level of culpable negligence).

Because the State has carried its initial burden, to prevail the defendant must prove that the loss of evidence prejudiced him and that the evidence was material in proving his innocence. *State v. Smagula*, 133 N.H. 600, 603 (1990). The defendant has failed to demonstrate that the loss of the photographs prejudiced his case. His argument that the misplaced photographs would show that the damage to Douglass' car consisted only of scratches incidental to the tow is unpersuasive in light of the contradictory evidence presented at trial.

█ "The crucial point in evaluating the prejudice suffered by a defendant is whether the loss of the physical evidence eliminates whatever exculpatory value this evidence might have had." *Giordano*, 138 N.H. at 95. In *Giordano*, we concluded that the State's misplacement of twelve photographs did not prejudice the defendant, as other evidence provided the same facts that the photographs would have supplied. *See id.* at 95-96. In the present matter, the State also offered ample evidence from which the jury could have assessed the damage to the vehicle absent the misplaced photographs. Mr. Douglass, the investigating officer and an auto body estimator each testified as to the damage to the vehicle. This testimony, along with the repair invoice introduced at trial, which included charges for certain repairs that might not be evident in the photographs, obviated any prejudice to the defendant. As we noted in *Giordano*, "[m]ore than mere speculation as to the exculpatory value or the prejudice caused by the loss of evidence is necessary to constitute a due process violation." *Id.* at 96. Because the defendant has failed to show prejudice in the loss of the photographs, we need not address the question of materiality. *See id.* at 95.

The second issue raised by the defendant concerns the trial court's decision to instruct the jury as to lesser-included offenses. At the close of the evidence, the State asked whether the court would let the jury consider a lesser-included offense. The court refused, noting that the only evidence presented was that the damage to the car was over $1,000. After a short recess, the State renewed its request, this time pointing out to the court

that the criminal mischief statute has a misdemeanor provision for reckless acts. The defense objected, stating that the case had been tried on an indictment alleging that the defendant had purposely caused over $1,000 worth of damage and that the defense intended to argue to the jury that the damage was less than $1,000. After reviewing the statute, the trial court decided to instruct the jury on two lesser included offenses: (1) a class A misdemeanor if the jury found that the defendant purposely caused between $100 and $1,000 worth of damage, *see* RSA 634:2, II-a (1997); and (2) "misdemeanor criminal mischief" if the jury found that the defendant recklessly caused damage to Douglass' automobile, *see* RSA 634:2, III (1997). The latter does not require the jury to determine the dollar value of the damage. The defendant's only basis for objecting to the lesser-included instructions was that these offenses were added just prior to closing argument.

■ As a practical matter, the decision to instruct a jury as to a lesser-included offense cannot be made until the close of the evidence. The test as to whether a jury should consider a lesser-included offense requires a two-step analysis: (1) whether the lesser offense is, as a matter of statutory interpretation, included in the greater offense; and (2) whether "the evidence adduced at trial ... provide[s] a rational basis for a finding of guilt on the lesser offense rather than the greater offense." *State v. Hall*, 133 N.H. 446, 449 (1990). In most cases, compliance with the second requirement can only be determined at the close of the evidence. *See generally In re Nathan L.*, 146 N.H. 614, 620 (2001). As a result, both the prosecution and defense are expected to know in advance what offenses satisfy the first requirement and to anticipate what lesser offenses are likely to be proven at trial. *Cf. United States v. Cooper*, 812 F.2d 1283, 1285 (10th Cir. 1987) ("a defendant is considered to be on notice to defend against such lesser offenses as may be included in the offense charged").

■ Here, the defendant was expected to know that RSA 626:2, III (1995) defines the elements requiring proof that he acted recklessly as constituting a subset of the elements requiring proof that he acted purposely. Thus, the statute on its face gave him notice that recklessly causing damage to property is a lesser-included offense of purposely causing damage to property.

■ In addition, the defendant's own testimony provided the basis for the lesser-included charges. Given his precipitous course of action on seeing the location of Douglass' car and his overt hostility, the jury may have concluded he did not act purposely, *i.e.*, with the "conscious object" to

damage Douglass' car, but that he acted recklessly, *i.e.*, that he was aware of and consciously disregarded a substantial and unjustifiable risk that his actions would damage the car. *See* RSA 626:2, II (1995). Accordingly, he cannot now complain that he had insufficient notice that the prosecution would request an instruction on that charge.

The third issue raised by the defendant is whether the offense he was convicted of is a class A or class B misdemeanor. Under sections II and II(a) of the criminal mischief statute, a person who acts purposely can be convicted of a class B felony or class A misdemeanor depending upon the amount of pecuniary loss and other factors. *See* RSA 634:2, II, II(a) (Supp. 2000). Section III provides that "[a]ll other criminal mischief is a misdemeanor." RSA 634:2, III. The defendant argues that the failure of section III to specify whether it defines a class A or class B misdemeanor should be resolved in favor of a class B misdemeanor given the explicit reference to a class A misdemeanor in the preceding section.

■ The logic of his argument, however, is defeated by the statutory rule of interpretation in RSA 625:9, IV(a)(2) (Supp. 2000). That statute defines a class A misdemeanor to include "[a]ny crime designated within or outside this code as a misdemeanor, without specification of the classification." Because section III of RSA 634:2 does not specify a classification, it must be categorized as a class A misdemeanor.

Finally, the defendant argues that the criminal mischief statute is unconstitutionally vague. He claims that the statutory language — "having no right to do so nor any reasonable basis to believe he has such a right" — is constitutionally infirm. *See* RSA 634:2, I. The defendant's argument in superior court, however, was that RSA 634:2, II-a — "All other criminal mischief is a misdemeanor" — is impermissibly vague. The defendant is raising a different issue on appeal than was raised in superior court, and, therefore, we decline to address it. *State v. Baird*, 133 N.H. 637, 640 (1990).

*Affirmed.*

BROCK, C.J., and NADEAU and DALIANIS, JJ., concurred.